455 So.2d 457 (1984)
Jerry KNIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. AW-240.
District Court of Appeal of Florida, First District.
August 6, 1984.
As Revised on Denial of Rehearing September 10, 1984.
Glenna Joyce Reeves, Tallahassee, for appellant.
Barbara Ann Butler, Tallahassee, for appellee.
SMITH, Judge.
This is an appeal from the trial court's refusal to apply the new sentencing guidelines to a criminal defendant sentenced subsequent to October 1, 1983, the effective date of the guidelines. See Rule 3.701, F.R.Crim.P. We reverse and remand for resentencing.
Appellant was convicted of two counts of aggravated assault. Sentencing was deferred until July 9, 1983, at which time appellant failed to appear for sentencing and a capias was issued. Appellant turned himself in on November 7, 1983, and sentencing was reset for November 17, 1983. Appellant's counsel requested that appellant be sentenced pursuant to the guidelines. The trial court found that appellant was not entitled to the benefits of the sentencing guidelines because he failed to appear for his original sentencing hearing. Appellant was then sentenced to two five year terms of imprisonment, to run concurrently. The trial judge stated that should the appellate court construe the sentence given as a deviation from the guidelines, that he had reasons for departing from the guidelines, and he placed those reasons in the record both orally and in writing.
We held in Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984), that Section 921.001(4)(a), Florida Statutes (1983) requires that a criminal defendant sentenced after October 1, 1983, if he so elects, must be sentenced in accordance with the guidelines. There are no exceptions except those provided for by law, none of which are applicable to appellant. Admittedly, but for appellant's failure to appear for sentencing on July 8, 1983, appellant would not have been entitled to elect sentencing under the new guidelines. However, the law provides a specific remedy for appellant's misconduct which is for the State to charge him with failure to appear pursuant to Section 843.15(1)(a), Florida Statutes (1983). The law clearly does not condition the defendant's statutory right to elect to be sentenced in accordance with the guidelines upon the circumstance, fortuitous or contrived, that he should or could have been, but was not, sentenced prior to the guidelines' effective date. While we can fully appreciate the trial court's frustration over what appears on its face to be a blatant manipulation of the system by appellant, *458 we are of the opinion that any attempt to fashion a rule whereby the trial court may deny the defendant's statutory right to elect because of some dilatory action on the defendant's part would be nonproductive.
This leads us to an observation concerning the guidelines which we feel some members of the bench and bar may have overlooked. The sentencing guidelines were not promulgated for the purpose of benefiting criminal defendants, but to promote uniformity in the punishment meted out to those convicted of the same offense, whose prior conviction records and other relevant factors are comparable. The point apparently disregarded by many is that those defendants choosing to be sentenced in accordance with the sentencing guidelines are required to serve the entire term of their sentences, reduced only by gain time, and are not eligible for parole. On the other hand, those who are not sentenced under the guidelines, although their sentences may initially be for a longer term, will be eligible for parole and may in fact receive an earlier release date than if sentenced under the guidelines.
We reverse appellant's sentences, and remand him to the trial court for resentencing pursuant to the guidelines in accordance with his election. Upon application of the guidelines, if the trial court deems the presumptive sentence inappropriate a sentence outside the guidelines may be imposed, provided clear and convincing reasons for the departure are articulated in writing as the rule requires.
REVERSED and REMANDED.
JOANOS and ZEHMER, JJ., concur.