457 So.2d 544 (1984)
Richard Lynn BRADY, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2457.
District Court of Appeal of Florida, Second District.
October 5, 1984.
*545 Jerry Hill, Public Defender, Bartow, and Amelia G. Brown, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
OTT, Judge.
Brady appeals his three-year sentence under section 775.084, Florida Statutes (1983), the habitual felony offender statute. He argues that the court erred in exceeding the sentence recommended by the sentencing guidelines, rules 3.701 and 3.988, Florida Rules of Criminal Procedure. We affirm.
Brady's sentence was within the range set forth in section 775.084. We hold that the habitual felony offender statute is a viable alternative to the sentencing guidelines. The Committee Note to rule 3.701(d)(11) in existence when Brady was sentenced, while not specifically referring to the habitual offender statute, recognized other alternatives to the guidelines.[1]See also Massaro v. State, 449 So.2d 1010 (Fla. 2d DCA 1984); Sweat v. State, 454 So.2d 749 (Fla. 1st DCA 1984). The supreme court recently eliminated this note. See The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984). However, the court acknowledged the existence of statutory alternatives to *546 the guidelines. Id., at 824 n. 12. Unless and until the Legislature repeals section 775.084, we conclude that courts may utilize it provided they comply with its requirements and adequately state the reasons for departing from the guidelines. In the case sub judice, the judge complied with the habitual offender statute by finding that sentencing as an habitual offender was necessary to protect the public. This is a clear and convincing reason for departing from the guidelines.
In our case, no written reasons for departure from the guidelines appear in the record. However, the trial judge clearly stated the reasons in the record. This is sufficient. See Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984); Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984). We do, however, caution and encourage judges to record in writing their reasons for departing from the guidelines.
AFFIRMED.
SCHOONOVER and LEHAN, JJ., concur.
NOTES
[1] The relevant portion of Committee Note to 3.701(d)(11) provided:

Sentences under provisions of the Youthful Offender Act (ch. 958), the Mentally Disordered Sex Offender Act (ch. 917), or which require participation in drug rehabilitation programs (s. 397.12) need not conform to the guidelines.