461 So.2d 1359 (1984)
Bobby MYRICK, Appellant,
v.
STATE of Florida, Appellee.
Nos. 84-570 to 84-572.
District Court of Appeal of Florida, Second District.
November 28, 1984.
Rehearing Denied January 14, 1985.
Jerry Hill, Public Defender, Bartow, and Amelia G. Brown, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
We vacate defendant's sentence for breaking and entering with intent to commit grand larceny and for two counts of uttering a forged instrument. We remand for resentencing.
Although the sentencing guidelines were applicable because defendant elected to be sentenced under the guidelines, the trial court did not follow the guidelines procedures. See Fla.R.Crim.P. 3.701 d. The court sentenced defendant without the benefit of a guidelines scoresheet which would have provided a presumptive sentence. Not knowing the presumptive sentence, the court was without sufficient information to decide whether to depart from the guidelines.
Our conclusion is not changed by the facts that the court gave reasons which are now argued to be sufficient to justify a departure from the guidelines and that the court commented that if, after a scoresheet was provided, he determined the guidelines presumptive sentence was heavy enough, he might modify the sentence. We could not accept an argument that under those circumstances there was harmless error. That would put the cart before the horse. The sentencing guidelines were promulgated to provide actual guidance to trial courts in sentencing and not simply to be an after-the-fact reference source by which to ascertain whether a trial court is satisfied with the guidelines.
Also, when a trial court disregards the guidelines and imposes a sentence which exceeds the presumptive guidelines sentence, it would seem illogical to conclude that the court gave clear and convincing reasons for departing from the guidelines under rule 3.701 d 11. We could not conclude that a court properly departed from the guidelines when the court had nothing under consideration from which to depart. Under those circumstances the purpose of the guidelines  to promote uniformity of sentencing by the trial courts of similarly situated defendants  would be not only not furthered but would be thwarted.
*1360 The failure of defendant to make a contemporaneous objection does not preclude appellate review. See State v. Rhoden, 448 So.2d 1013 (Fla. 1984); Mitchel v. State, 458 So.2d 10 (Fla. 1st DCA 1984).
We remand for resentencing consistent with this opinion.
OTT, A.C.J., and DANAHY and LEHAN, JJ., concur.