461 So.2d 1360 (1984)
Kerry Lemuel DOBY a/K/a Dillar S. Booker, Appellant,
v.
STATE of Florida, Appellee.
Nos. 84-498 to 84-500.
District Court of Appeal of Florida, Second District.
November 28, 1984.
Jerry Hill, Public Defender, Bartow, and Douglas S. Connor, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ann Garrison Paschall, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
We vacate defendant's sentences imposed at defendant's probation revocation hearing on three counts of burglary and two counts of grand theft. We remand for resentencing. The trial court did not follow the procedures set forth in the sentencing guidelines. See Fla.R.Crim.P. 3.701 d. The court sentenced the defendant to the maximum sentences without the benefit of a guidelines scoresheet which would have provided a presumptive sentence. The court announced what purported to be reasons for departing from the guidelines. But, not knowing the presumptive sentences under the guidelines, the court was without sufficient information to decide whether to depart from the guidelines. See Myrick v. State, 461 So.2d 1359 (Fla. 2d DCA 1984).
The record is susceptible of an interpretation that the trial court did not inadvertently fail to follow the sentencing guidelines.
Parole is not available to "[a] person convicted of crimes committed on or after October 1, 1983, or any other person sentenced pursuant to sentencing guidelines." Fla. Stat. 921.001(8). Compare Knight v. State, 455 So.2d 457 (Fla. 1st DCA 1984). Any trial court which might consider disregarding the guidelines and simply sentencing a defendant under preguidelines criteria, while announcing reasons for the sentence which may be sufficient to justify a departure from the guidelines, should bear in mind that due to the absence of parole the defendant's term of incarceration may well be greater than it would have been *1361 prior to the time the guidelines came into effect. The intent of the legislature in authorizing the guidelines and of the supreme court in promulgating them was "to promote uniformity in punishment meted out to those convicted of the same offense, whose prior conviction records and other relevant factors are comparable." Id. The intent was not to create a device by which an individual trial judge, by disregarding the guidelines, may increase terms of incarceration over terms imposed prior to the time the guidelines came into effect. If a trial court disregards those concepts and thereby contributes to disparities in sentences and terms of incarceration among similarly situated defendants, the purpose of the guidelines would be defeated and there would be a failure to uphold the law.
We remand for resentencing consistent with this opinion.
OTT, A.C.J., and DANAHY and LEHAN, JJ., concur.