462 So.2d 830 (1984)
Timmy Ray McCUISTON, Appellant,
v.
STATE of Florida, Appellee.
No. 84-663.
District Court of Appeal of Florida, Second District.
December 7, 1984.
Rehearing Denied January 23, 1985.
Jerry Hill, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., for appellee.
GRIMES, Acting Chief Judge.
Appellant was convicted of robbery without a weapon, a second degree felony. He was sentenced to thirty years as an habitual felony offender under section 775.084, Florida Statutes (1983). Among other things, he contends that the court failed to make the proper factual findings to support the habitual felony offender sentence and that in any event he should have been sentenced within the limits of the sentencing guidelines.
We find that the court's specific reference to two prior Michigan armed robbery convictions and a subsequent escape conviction constituted a sufficient predicate for the determination that appellant was a danger to the community and that it was necessary for the protection of the public to declare him an habitual felony offender. The same reasoning provided a clear and convincing basis for departure from the presumptive sentence under the guidelines. Prior convictions can be used to justify a departure from the guidelines even though they have already been taken into account in computing a defendant's presumptive sentence. Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984); Hendrix v. State, 455 So.2d 449 (Fla. 5th DCA 1984), 9 F.L.W. *831 1697. See also Kiser v. State, 455 So.2d 1071 (Fla. 1st DCA 1984).
AFFIRMED.
OTT and DANAHY, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
Appellant argues that our determination that his sentence as an habitual felony offender sufficed to justify a departure from the sentencing guidelines conflicts with this court's recent decision in Brady v. State, 457 So.2d 544 (Fla. 2d DCA 1984). By noting in Brady that the habitual felony offender statute was a viable alternative to the sentencing guidelines, we did not intend to infer that an enhanced sentence imposed under that statute was outside the provisions of section 921.001, Florida Statutes (1983), and Florida Rule of Criminal Procedure 3.701. We pointed out that the courts may utilize section 775.084 "provided they comply with its requirements and adequately state the reasons for departing from the guidelines." We held that sentencing as an habitual offender constituted a clear and convincing reason for departing from the guidelines. Accord Smith v. State, 461 So.2d 995 (Fla. 5th DCA 1984).
Appellant seeks to have this court say that he will be entitled to parole consideration on the theory that, having been sentenced as an habitual felony offender, section 921.001 is totally inapplicable to his sentence. Yet, section 921.001 provides that it is applicable to all felonies, except capital felonies committed after October 1, 1983, and the felony for which appellant is being sentenced took place on October 21, 1983. To accept appellant's position would produce the anomaly that those career criminals who had been designated habitual felony offenders could obtain parole while others could not.
The maximum sentence for appellant's crime of robbery without a weapon was fifteen years. The effect of determining appellant to be an habitual felony offender was to increase the statutory upper limit upon his sentence to thirty years. Appellant's presumptive sentence under the guidelines was within the range of twelve to seventeen years. The fact that he was properly declared to be an habitual felony offender served as a clear and convincing reason for departing from the guidelines. Yet, appellant's sentence was still imposed under section 921.001. Therefore, he will not be entitled to parole consideration. But see Dorman v. State, 457 So.2d 503 (Fla. 1st DCA 1984) (defendant sentenced as mentally disordered sex offender eligible for parole consideration).
The motion for rehearing is denied.
GRIMES, A.C.J., and OTT and DANAHY, JJ., concur.