ERVIN, Chief Judge.
Turlington appeals from a final amended order upholding the constitutionality of Chapter 83-76, Section 7 of the Laws of Florida. We affirm.
Appellant, Turlington, a citizen and taxpayer, brought suit against the Department of Administration, and Gerald A. Lewis, the Comptroller of the State of Florida, seeking both declaratory relief and an injunction against the payment of any funds from the State Retirement Fund by the appellees pursuant to the provisions of Chapter 83-76, Section 7, Laws of Florida (Section 121.091(9)(b)7, Florida Statutes (1983)), on the ground that the statute is unconstitutional, since it violates Article X, Section 14 of the Florida Constitution.
Chapter 83-76, Section 7 of the Florida Laws states:
Any person who is holding an elective public office which is covered by the Florida Retirement System may elect to retire while continuing employment in the elective public office, provided that, if the elected official is dually employed under the Florida Retirement System, he shall be required to terminate his non-elected covered employment. Any person exercising this election shall receive his retirement benefits in addition to the compensation of the elective office without regard to the time limitations otherwise provided in this subsection; however, no additional creditable service will be earned for such continued employment.
(e.s.)[1] Article X, Section 14 of the Florida Constitution (1968 revision, as amended) states:
*67 A governmental unit responsible for any retirement or pension system supported in whole or in part by public funds shall not after January 1, 1977, provide any increase in the benefits to the members or beneficiaries of such system unless such unit has made or concurrently makes provision for the funding of the increase in benefits on a sound actuarial basis.
(e.s.)
There are approximately 1500 individuals eligible for early retirement under the provisions of Chapter 83-76, Section 7, and eight individuals were eligible to receive retirement benefits by September 30, 1984. Appellant urges that Chapter 83-76, Section 7, violates Article X, Section 14 of the Florida Constitution, because the act provides on its face an “increase in the benefits”, without a concomitant “funding of the increase ... on a sound actuarial basis.” There has, admittedly, been no actuarial study done on any possible effects upon the state retirement system, as a result of the legislative enactment of Chapter 83-76, Section 7. The absence of an actuarial study does not, per se, render the statute invalid. It is first necessary to determine whether the statute can be said to provide to those persons electing retirement, while continuing in office, an increase in retirement benefits. If the effect of the statute does confer such a benefit, then it may be deemed invalid, if no funding of the increase was made on a sound actuarial basis. We cannot say that the statute, by its terms, provides an increase in retirement benefits.
Before the enactment of the questioned statute, an eligible member could retire, under the rules of the state retirement system, with no reduced benefit at 62 years of age, or upon 30 years of service without age defined. However, if a holder of an elective public office elected to retire before his normal retirement date, there was a corresponding reduction from his full retirement benefits. Once an eligible member elects to retire under the provisions of the 1983 act, although continuing in employment, no additional creditable service can be earned for such continued employment. Therefore, either before or after the enactment of Chapter 83-76, an eligible member could choose to retire earlier than his normal retirement date, but draw a retirement benefit at the same reduced rate. Consequently, the trial judge correctly found that the only benefit to the eligible member under the new act is the retention of salary after “retirement”, which is not an “increase in benefits” forbidden by Article X, Section 14 of the Florida Constitution.
Appellant, however, argues that the benefit provided by the new act would be to extend greater life-long benefits to those who opt for earlier retirement than they otherwise would be entitled if the law had *68 not been changed. We do not agree that this result necessarily follows.
Appellant has not demonstrated that the effect of the law will be to reduce the retirement age, thereby causing early retirement of eligible members. In fact, once an eligible member elects to retire while continuing employment, no additional creditable service will be earned for such continued employment. Therefore, under the circumstances, it would be highly speculative or conjectural to assume that an individual would accept such a drastic reduction in retirement benefits by electing to retire earlier than his normal retirement date thereby receiving a reduced benefit while continuing to hold office.
AFFIRMED.
MILLS and ZEHMER, JJ., concur.

. Chapter 83-76, Section 7, Laws of Florida (121.091(9)(b)7) Florida Statutes (1983), has since been repealed and modified by Chapter 84-11, Section 1, Laws of Florida, which now provides in part:
Section 121.091(9)(b)7
Any person who is holding an elective public office which is covered by the Florida Retirement System and who is concurrently employed in nonelected covered employment may elect to retire while continuing employment in the elective public office, provided that, if the elected-official is dually employed under-the Florida Retirement System, he shall be required to terminate his nonelected covered employment. Any person exercising this election shall receive his retirement benefits in addition to the compensation of the elective office without regard to the time limitations otherwise provided in this subsection; *67 however, no additional creditable service shall be earned for such continued employment.
******
Additionally Section 2 of the act provides:
Any benefits actually paid pursuant to sub-paragraph 7. of paragraph (b) of subsection (9) of s. 121.091, Florida Statutes, as created by chapter 83-76, Laws of Florida, are hereby ratified and confirmed, however no future benefit payments shall be made pursuant to the provisions of said subparagraph, except as the same is amended by this act. No person who seeks to exercise the provisions of said subparagraph, as the same existed prior to the effective date of this act, shall be deemed to be retired under said provisions, unless such person is eligible to retire under the provisions of s. 121.091(9)(b)7., Florida Statutes, as amended by this act.
(Words in underscored type are amended additions; words crossed through have been deleted.)
Chapter 84-11 allows only elected office-holders who are concurrently employed in non-elected covered employment to retire and still receive a salary upon termination of the non-elected covered employment. Section 2 of the new act allows those eligible persons who actually received benefits from the 1983 act to be able to retain those benefits actually received. However, Section 2 provides that no further benefits beyond those already paid will be allowed to those who are not also eligible to retire under the new act. The 1984 act retains the early retirement provision, but allows only a narrower group of persons to “retire" and retain their salary.