465 So.2d 535 (1985)
Natal RASUL, Appellant,
v.
STATE of Florida, Appellee.
No. 84-635.
District Court of Appeal of Florida, Second District.
February 1, 1985.
Rehearing Denied March 14, 1985.
James Marion Moorman, Public Defender, and Larry G. Bryant, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals from his conviction and sentencing for retail grand theft. He raises two points on appeal which we conclude are without merit. See Emshwiller v. State, 443 So.2d 343 (Fla. 2d DCA 1983), aff'd, 462 So.2d 457 (Fla. 1985); Castle v. State, 305 So.2d 794 (Fla. 4th DCA 1975), aff'd, 330 So.2d 10 (Fla. 1976).
We conclude that there is merit in his third point which is the contention that the trial court erred in sentencing defendant under the habitual felony offender statute, section 775.084, Florida Statutes (1983), without having had the benefit of a sentencing guidelines scoresheet. The state cites Brady v. State, 457 So.2d 544 (Fla. 2d DCA 1984) in opposition. The state argues that under Brady sentencing pursuant to the habitual felony offender statute occurs without reference to the sentencing guidelines. We disagree. As this court explained in McCuiston v. State, 462 So.2d 830 (Fla. 2d DCA 1985) (on motion for rehearing) in Brady, we did not intend to say that the guidelines were not applicable when a defendant met the requirements of the habitual felony offender statute, notwithstanding Brady's reference to such sentencing as an alternative to the sentencing guidelines. McCuiston points out that Brady actually holds that "sentencing as an habitual offender constituted a clear and convincing reason for departing from the guidelines." McCuiston, at 831. See also Davis v. State, 462 So.2d 65 (Fla. 2d DCA 1985). Accord Smith v. State, 461 So.2d 995 (Fla. 5th DCA 1984).
We have previously held that there cannot be a proper departure from the sentencing guidelines without the trial court having first considered the presumptive guidelines sentence. Doby v. State, 461 So.2d 1360 (Fla. 2d DCA 1984); Myrick v. State, 461 So.2d 1359 (Fla. 2d DCA 1984). Compare Davis v. State, 462 So.2d 65 supra (sentencing guidelines were properly considered when the trial court had been *536 informed of the presumptive sentence even though no guidelines scoresheet was in the record).
In the case at hand the sentencing guidelines were applicable, but no guidelines scoresheet was prepared and the record does not show that the trial court was aware of the presumptive sentence under the guidelines. Consistent with Myrick and Doby and for the reasons stated in our opinions in those cases, we conclude that the trial court erred. "[N]ot knowing the presumptive sentence, the trial court was without sufficient information to decide whether to depart from the guidelines." Myrick, at 1359.
We remand for resentencing consistent with this opinion.
SCHEB, A.C.J., and CAMPBELL, J., concur.