DANAHY, Judge.
In Myrick v. State, 461 So.2d 1359 (Fla. 2d DCA 1984), this court said:
[W]hen a trial court disregards the guidelines and imposes a sentence which exceeds the presumptive guidelines sentence, it would seem illogical to conclude that the court gave clear and convincing reasons for departing from the guidelines under rule 3.701d.ll. We could not conclude that a court properly departed from the guidelines when the court had nothing under consideration from which to depart. Under those circumstances the purpose of the guidelines — to promote uniformity of sentencing by the trial courts of similarly situated defendants — would be not only not furthered but would be thwarted.
We further said in Doby v. State, 461 So.2d 1360 (Fla. 2d DCA 1984):
*251 The trial court did not follow the procedures set forth in the sentencing guidelines. See Fla.R.Crim.P. 3.701d. The court sentenced the defendant to the maximum sentences without the benefit of a guidelines scoresheet which would have provided a presumptive sentence. The court announced what purported to be reasons for departing from the guidelines. But, not knowing the presumptive sentences under the guidelines, the court was without sufficient information to decide whether to depart from the guidelines.
Finally, in Newsome v. State, 473 So.2d 709 (Fla. 2d DCA 1985), this court stated:
Florida Rule of Criminal Procedure 3.701 contemplates that a scoresheet will be prepared for each defendant who is to be sentenced. This court has held that a trial court must determine the presumptive sentence under the guidelines before deciding whether to depart from the guidelines. [Citations omitted.] In this case, the record on appeal does not contain a sentencing guidelines scoresheet. There is also nothing in the transcript of the sentencing hearing to indicate that the trial judge knew appellant’s presumptive sentence before sentencing him outside the guidelines to the maximum sentence permitted by law.
In the case before us, the facts are the same as in Myrick, Doby, and Newsome —the trial judge attempted to depart from the guidelines and sentenced defendant “without the benefit of a guidelines score-sheet which would have provided a presumptive sentence.” Doby. Additionally, as in Rasul v. State, 465 So.2d 535 (Fla. 2d DCA 1985), counsel never informed the trial judge of defendant’s presumptive sentence. Thus, absence of the guidelines scoresheet in the record is not irrelevant here as it was in Davis v. State, 461 So.2d 1361 (Fla. 2d DCA 1985), where, even though no scoresheet was in the record, the guidelines were properly considered since the trial court had been advised of the presumptive sentence. Therefore, because the error here is the same as that in Myr-ick, Doby, Rasul, and Newsome, we vacate defendant’s sentences imposed at his probation revocation for aggravated assault, attempted sexual battery, and sexual battery and remand for resentencing consistent with this opinion.
REVERSED AND REMANDED.
GRIMES, A.C.J., and OTT, J., concur.