468 So.2d 505 (1985)
Rufus Lee TANNER, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 84-1383.
District Court of Appeal of Florida, Second District.
May 10, 1985.
*506 James Marion Moorman, Public Defender and Joel E. Grigsby, Asst. Public Defender, for appellant/cross-appellee.
Jim Smith, Atty. Gen., Tallahassee and Frank Migliore, Jr., Asst. Atty. Gen., Tampa, for appellee/cross-appellant.
RYDER, Chief Judge.
Rufus Lee Tanner appeals his conviction and sentence for attempted sexual battery and sexual battery on a seven-year-old girl. We find no merit in his point on appeal; therefore, we affirm his conviction.
The state cross-appeals the sentence imposed, contending that the trial judge erred in departing from the sentencing guidelines presumptive sentence. We agree. The guidelines recommended life imprisonment. Instead, the trial judge sentenced appellant to fifteen years imprisonment on the attempted sexual battery conviction consecutive to forty years on the sexual battery conviction. The judge gave the following written reasons for departing from the guidelines: the victim suffered no serious physical or apparent psychological injury; appellant was serving a twenty year to life sentence in North Carolina with little likelihood of release; appellant has already served a substantial period of incarceration for this and other offenses; and the sentence imposed was proper under section 775.082, Florida Statutes (1983), therefore, not outside the guidelines.
While it is not the purpose of the sentencing guidelines to usurp judicial discretion, Weems v. State, 451 So.2d 1027 (Fla. 2d DCA 1984), the trial judge must first consider the presumptive guidelines sentence before departing from it. Rasul v. State, 465 So.2d 535 (Fla. 2d DCA 1985). A trial judge may mitigate or depart "downward" from the presumptive sentence for clear and convincing reasons. State v. Twelves, 463 So.2d 493 (Fla. 2d DCA 1985). The record must contain a proper evidentiary basis to support a departure. Wyman v. State, 459 So.2d 1118 (Fla. 1st DCA 1984). It is the function of the appellate court to assure that the trial court did not abuse its discretion in departing from the presumptive sentence. Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984).
We hold that the trial judge abused his discretion in departing from the guidelines because the reasons given for departure either lack any evidentiary basis in the record or are so arbitrary and unreasonable as to be unconvincing. The presentence investigation report reveals that appellant has a history of sexually abusing young *507 girls. In this case, he was convicted of forcing oral sex upon a seven-year-old girl, a child of most tender years,[1] in addition to attempting to have sexual intercourse with her. As mentioned above, the trial court appears to have been under the impression that Tanner, at the time of sentencing, was in prison or serving a twenty year to life sentence in North Carolina. Our reading of the record reveals, however, that Tanner actually was on parole from a twenty year to life sentence imposed in North Carolina for an earlier kidnapping of a fifteen-year-old girl, during which episode he also assaulted her with intent to commit rape.
In the case sub judice, the record contains evidence that the victim herein suffered physical injury from appellant's sexual assaults on her. There is no evidence in the record concerning psychological injury or its lack. It, however, strains credibility to the point of disbelief to assert that under these circumstances no psychological injury was inflicted, particularly when the victim of this outrageous act was a seven-year-old child. Also, we are unconvinced that the approximately six months appellant served in jail before sentencing was "a substantial period of incarceration" for a crime of this magnitude.
The trial judge also erred in stating, alternatively, that because the sentence imposed was proper under section 775.082, Florida Statutes (1983), it did not depart from the guidelines. Although a sentencing judge is not free to impose less than a statutory mandatory sentence even when the guidelines so recommend,[2] in all other cases, the judge must first consider the presumptive sentence before departing from it. Rasul. Therefore, the trial judge departed from the guidelines when sentencing appellant and was obligated to do so only for clear and convincing reasons. Fla. R.Crim.P. 3.701(b)(6).
Accordingly, we affirm appellant's conviction, but reverse and set aside the sentence imposed and remand to the trial court for resentencing under the sentencing guidelines.
DANAHY and LEHAN, JJ., concur.
NOTES
[1] Espey v. State, 407 So.2d 300 (Fla. 4th DCA 1981).
[2] Fla.R.Crim.P. 3.701(d)(9); Lightfoot v. State, 459 So.2d 1157 (Fla. 2d DCA 1984).