PEARSON, TILLMAN (Ret.), Associate Judge.
Holder challenges a five-year sentence imposed by the trial court upon his plea of nolo contendere subsequent to a December 20, 1984, arrest for grand theft. Appellant urges error in calculation of his recommended sentence and argues that his prior record may not be used as a clear and convincing reason to go outside the recommended guidelines range. We reverse and remand for sentencing.
Holder’s presentence report reveals 29 worthless check convictions, one conviction for embezzlement, and a conviction for three counts of forgery. The convictions were obtained out of state, and there is no indication whether the worthless check offenses at conviction were misdemeanors or felonies. Section 832.05, Florida Statutes (1983), which prohibits the issuance of *89 worthless checks, designates such issuance as a misdemeanor of the second degree or a felony of the third degree, depending upon the amount of the worthless draft.
At hearing, the State proposed a guidelines form which calculated a recommended sentence range of 12 to 17 years. Holder objected to such scoring, arguing that a correctly prepared guidelines form would calculate a recommended sentence range of only two and one-half to three and one-half years. Holder objects to the inclusion of the worthless check convictions under the heading of prior convictions for Category 6 offenses. He urges that since the State did not provide evidence that the out-of-state convictions were felonies, as opposed to misdemeanors, the offenses must he scored as misdemeanors and, as such, may not be counted in the prior Category 6 offenses category. We conclude that misdemeanors should not be included under the prior convictions for similar offenses heading and that such category may include only Holder’s four prior felony convictions.
The Rule’s Committee Note, adopted as part of Rule 3.701, supports our conclusion by stating that “any uncertainty in the scoring of the defendant’s prior record shall be resolved in favor of the defendant, and disagreement as to the propriety of scoring specific entries in the prior record should be resolved by the trial judge.” See In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla.1983).
The trial court did not resolve the propriety of the scoring of the misdemeanor but instead stated that, under the guidelines, he could, “even without the misdemeanors counted in here, ... sentence you to five years but not any more than five years.”
The court went on to note that “[defendant’s] record which starts back in 1981 of continuous writing of worthless checks or embezzling money would justify the court by clear and convincing evidence to go outside of the guidelines even if it did not come up to five years.”
The lower court erred in sentencing Holder to the maximum statutory sentence without the benefit of an accurately prepared guidelines form to provide a presumptive sentence. Rule 3.701 d.l., Florida Rules of Criminal Procedure; Doby v. State, 461 So.2d 1360 (Fla. 2d DCA 1984). Not knowing the presumptive sentence under the guidelines, the court was without sufficient information to decide whether to depart from the guidelines. Doby, supra; Myrick v. State, 461 So.2d 1359 (Fla. 2d DCA 1984).
Although the court did indicate a permissible basis for departing from the presumptive guidelines sentence, such reasons were stated orally, and no separate written explanation was provided. Such a written statement is expressly required by Rule 3.701 d.ll., Florida Rules of Criminal Procedure. Johnson v. State, 462 So.2d 49 (Fla. 1st DCA 1985). The court’s departure from the presumptive guidelines sentence, once correctly calculated, may not be predicated upon an oral pronouncement; on remand, should the court depart from the presumptive guidelines sentence, it must express the reasons for such departure in writing.
The sentence is therefore reversed and the cause is remanded for the preparation of a proper sentencing guidelines form and for sentencing under the discretion granted the trial judge in such cases.
BOOTH and SHIVERS, JJ., concur.