470 So.2d 102 (1985)
James L. LAWRENCE, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1136.
District Court of Appeal of Florida, Second District.
June 7, 1985.
James Marion Moorman, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William L. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
In 1981 appellant pled guilty to a charge of sexual battery. The court placed appellant on probation for five years. On April 27, 1984, appellant was found guilty of violating his probation. The trial judge revoked appellant's probation and announced his intention to deviate from the sentencing guidelines. The judge, without *103 benefit of a guidelines scoresheet, sentenced appellant to fifteen years, the maximum sentence provided by law. Appellant now contends the trial judge erred in departing from the guidelines without benefit of a guidelines scoresheet.
The trial court did not follow the procedures set forth in the sentencing guidelines. See Fla.R.Crim.P. 3.701(d). In sentencing appellant to the maximum sentences without the benefit of a guidelines scoresheet, which would have provided a presumptive sentence, the court announced what purported to be reasons for departing from the guidelines. But, not knowing the presumptive sentences under the guidelines, the court was without sufficient information to decide whether to depart from the guidelines.
Accordingly, on the authority of and for the same reasons stated in Ford v. State, 467 So.2d 832 (Fla. 2d DCA 1985); Newsome v. State, 466 So.2d 411 (Fla. 2nd DCA 1984); Doby v. State, 461 So.2d 1360 (Fla. 2d DCA 1984), and Myrick v. State, 461 So.2d 1359 (Fla. 2d DCA 1984), we vacate appellant's sentence for sexual battery imposed at his probation revocation hearing and remand for resentencing.
REVERSED and REMANDED.
OTT, A.C.J., and SCHOONOVER, J., concur.