473 So.2d 268 (1985)
STATE of Florida, Appellant,
v.
John Ted WRIGHT, Appellee.
No. BA-455.
District Court of Appeal of Florida, First District.
July 26, 1985.
Rehearing Denied August 21, 1985.
*269 Jim Smith, Atty. Gen., Barbara Ann Butler, Asst. Atty. Gen., for appellant.
Louis O. Frost, Jr., Public Defender; Jefferson W. Morrow, Asst. Public Defender, for appellee.
MILLS, Judge.
In this criminal case, the State appeals from the trial court's departure from the sentencing guidelines. Wright cross appeals from the convictions. We affirm the convictions, but vacate the sentences.
Wright was charged with two counts of sexual battery and one count of kidnapping. The State alleged that, on 10 January 1984, he forced a 14-year-old girl into his truck and raped her twice. Wright pleaded not guilty. He was tried by a jury that found him guilty as charged on all counts.
The victim identified Wright as her assailant. She testified that the first episode of intercourse lasted approximately 20 minutes, and that during the episode the rapist moved rapidly up and down and ejaculated. She said the second episode also lasted approximately 20 minutes; the rapist fully penetrated her vagina with his penis and ejaculated. She said no lubricants were used.
Dr. Randolph, who examined the victim on the night of 10 January 1984, testified that the victim's vagina showed some redness due to engorged blood vessels, but exhibited no other trauma. Sperm was present in the vagina, he said.
Part of Wright's defense was that the rapes as described by the victim were unlikely, if not impossible, because of the size of his penis. In this regard, defense counsel elicited testimony from Dr. Randolph on cross-examination that violent thrusting of a nine-inch penis would be highly likely to cause vaginal lacerations. But Dr. Randolph refused to equate violent thrusting with rapid thrusting. He testified further that the victim had not given birth, and that as a general rule a woman who has given birth has a larger vagina than a woman who has not given birth.
Wright's girlfriend and his common-law wife testified in further support of this facet of Wright's defense. Day, the girlfriend, testified that she bled every time she had sexual intercourse with Wright, once or twice a week during the first six months of their relationship. Jaudon, the wife, testified that sexual intercourse with Wright was very painful because she had a small uterus, and that she experienced bleeding as a result. She said she had been having sex with Wright regularly for 8 1/2 years.
Defense counsel attempted to introduce into evidence photographs of Wright's penis taken in preparation for trial. The trial court allowed the photographer, Ewing, and Blue, an investigator for the public defender's office who was present at the picture-taking session, to testify that Wright's penis was nine inches long "in the flaccid state." It refused, however, to admit the photographs and a "model" prepared by Ewing  a wooden stick 8 1/2 inches long and 5 1/2 inches in circumference. It also refused to allow Ewing to testify before the jury that he measured the circumference of the penis at 5 1/2 inches, and denied defense counsel's request that Wright be allowed to display his actual penis to the jury.
Wright first contends the trial court erred in excluding the photographs and the model, and in refusing to allow him to display his actual penis to the jury. We disagree.
The decision to admit or exclude evidence is committed to the sound discretion of the trial court. Dale v. Ford Motor Company, 409 So.2d 232 (Fla. 1st DCA 1982). The trial court should exclude irrelevant evidence, that is evidence which is not material and probative. It should also exclude relevant evidence if its probative *270 value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence. Section 90.403, Florida Statutes (1983). Here, the evidence was of dubious probative value. The potential for confusion of issues and misleading the jury was substantial. We cannot say the trial court abused its discretion.
Wright contends in a related argument that the trial court erred in excluding Ewing's testimony as to penis circumference offered by the defense to aid the jury in understanding Dr. Randolph's testimony. We reject this contention because Dr. Randolph never expressed an opinion based on penis circumference, only length.
Finding the other issues raised by Wright without merit, we turn to the sentencing issue raised by the State.
The recommended sentence under the sentencing guidelines was life imprisonment. The trial court instead imposed three concurrent 20-year terms of imprisonment. It provided written reasons for departure on the scoresheet and in a separate document.[1]
A sentence outside the guidelines, even if less than the recommended range, must be accompanied by clear and convincing reasons for departure. Florida Rule of Criminal Procedure 3.701(d)(11); Tanner v. State, 468 So.2d 505 (Fla. 2d DCA 1985); State v. Twelves, 463 So.2d 493 (Fla. 2d DCA 1985). In the case before us, none of *271 the reasons provided are clear and convincing because they merely reflect an overriding reason which we disapprove  the trial court was not convinced Wright was guilty.
If the State failed to present a legally sufficient case, the case should not have been submitted to the jury. If the verdict was contrary to the weight of the evidence, a new trial should have been granted. If, as the trial court apparently believed, the case was sufficient to go to the jury, the trial court's doubt as to the defendant's guilt was irrelevant and certainly not a clear and convincing reason for abandoning the recommended sentence.
The convictions are affirmed; the sentences are vacated and the case remanded for resentencing within the guidelines.
SMITH and THOMPSON, JJ., concur.
NOTES
[1] These reasons are reprinted below:

Reasons for departure:
Victim demonstrated no psychological injury at time of trial. The evidence at trial showed no physical injury  not even an abrasion. The trial testimony was hardly convincing  certainly not overwhelming. In mitigation, doubt as to victim's lack of encouragement made apparent. The ends of justice require sentence given.
REASONS FOR DEPARTURE FROM GUIDELINES
This cause came on to be heard for sentencing. Sentence guidelines sentencing sheet furnished by the State Attorney, the recommended sentence was revealed to be life. The Court heard testimony of an investigator for the Office of the Public Defender, one Robert Blue, an investigator known to this court over many years and one whose investigative abilities and one whose integrity is highly respected by this Court. This Court heard testimony of the result of the post conviction investigation of the victim of this case engaged in by Mr. Blue. The evidence, although hearsay, was evaluated by the Court to be trustworthy. As previously mentioned, Mr. Blue's integrity is highly respected by this Court.
The result of Mr. Blue's testimony confirmed evidence which the State Attorney had moved in limine to exclude prior to trial. That evidence was that the reputation of the victim in this case was not chaste. When presented to the Court for consideration prior to trial, the Court took the motion under advisement until such time as appropriate at trial under the rules. The Court has no problem in viewing such evidence in mitigation in sentencing.
The victim of these offenses was a 14-year old girl. To merely state that premise without other considerations does grave injustice in this case. The 14-year old girl testified at trial and appeared to this Court to wear a maturity far beyond her years. Her demeanor while testifying was untroubled by emotion as she recounted the facts of the incident. Her testimony was undisputed but, even then, lacked total credibility in the Court's view. The testimony that her father who was angry at her disappearance and who challenged her upon her return to her neighborhood at 10:30 P.M., the night of the incident, further troubles the Court. During the defense case, testimony was elicited that the defendant's penis was nine inches in length while in an unexcited state. Attempts to introduce photos of the defendant which show the length of his penis were objected to and sustained. The photographs and other demonstrative evidence offered to show it improbable or impossible that the vagina of the victim could accommodate the defendant's penis because of its size was excluded. The examining physician at the Greater Crisis Center testified that the victim bore no signs of trauma shortly after the time of the incident. There was no evidence of bleeding, abrasion, nor other bruising in, upon or around the private parts of the alleged victim. There was no evidence that the victim had suffered physical nor emotional injury and none was apparent in her demeanor. To the contrary, the evidence presented by Mr. Blue which has been mentioned, leads the Court to believe that facts are before this Court that should be considered in mitigation.
This Court ruled, and properly so, that sufficient evidence had been presented by the State for the jury's consideration and deliberation. The Court continues to view the evidence as sufficient for the jury's consideration and deliberation. Whether the Court agrees with the jury's verdict is not an issue but for reason of some lingering doubt, the Court concludes that a departure from the guidelines is justified.