483 So.2d 121 (1986)
Florine ADAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-506.
District Court of Appeal of Florida, Second District.
February 14, 1986.
Robert L. Valentine of Jacobs & Valentine, P.A., Lakeland, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen. for, Tampa, appellee.
PER CURIAM.
Defendant appeals from her sentencing following three separate convictions, contending that the trial court specifically departed from the presumptive sentences under the sentencing guidelines and that there were no clear and convincing reasons therefor. Included among the trial court's reasons for departing from the guidelines were the statements, which are supported by the record, that:
The defendant has displayed a pattern of behavior which reflects a flagrant disregard for the Criminal Justice System and has clearly demonstrated that she is not able to meet the requirements of her many periods of probation. The defendant has shown no intention of discontinuing her long string of bad checks, the restitution of which is in the sum of several thousand dollars.
Were that the only error raised, we could affirm. See Pentaude v. State, 478 So.2d 1147 (Fla. 1st DCA 1985); Booker v. State, 482 So.2d 414 (Fla. 2d DCA 1985).
However, we note that no scoresheet was prepared for the sentencing of defendant in any of these cases. Therefore, we reverse and remand for resentencing. See Myrick v. State, 461 So.2d 1359 (Fla. 2d DCA 1984); Doby v. State, 461 So.2d 1360 (Fla. 2d DCA 1984).
Before sentencing may take place in case number 81-1654, involving revocation of probation which was imposed for an offense occurring before the adoption of the sentencing guidelines, defendant must be given the opportunity to affirmatively select to be sentenced under the guidelines. State v. Milton, 475 So.2d 670 (Fla. 1985).
Reversed and remanded for resentencing.
CAMPBELL, A.C.J., and LEHAN and HALL, JJ., concur.