486 So.2d 39 (1986)
Julius Teddy DELAINE, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1279.
District Court of Appeal of Florida, Second District.
April 2, 1986.
James Marion Moorman, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee; and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Defendant appeals a sentence which was a departure from the recommended guidelines sentence. We reverse.
At sentencing the defense challenged the accuracy of several convictions contained in the prior record portion of the guidelines scoresheet. The state's response was that the scoresheet would have to be presumed to be correct unless further research was done. The entries on the scoresheet about defendant's prior record were based on the presentence investigation report. If a defendant disputes the truth of hearsay statements in a presentence investigation report, the court must require the state to produce corroborating evidence. See Eutsey v. State, 383 So.2d 219 (Fla. 1980); Davis v. State, 463 So.2d 398 (Fla. 1st DCA 1985); Vandeneynden v. State, 478 So.2d 429 (Fla. 5th DCA 1985).
Because of the unresolved questions regarding the accuracy of the scoresheet, we cannot conclude that the trial court had a correct scoresheet before him on which to base a departure sentence. If a trial court does not know the presumptive sentence under the guidelines, the court is without sufficient information to decide whether to depart from the guidelines. See, e.g., Doby v. State, 461 So.2d 1360 (Fla. 2d DCA 1984); Myrick v. State, 461 So.2d 1359 (Fla. 2d DCA 1984).
Reversed and remanded for resentencing.
RYDER, C.J., and SCHOONOVER and LEHAN, JJ., concur.