HALL, Judge.
Ronald Coleman seeks this court’s review of his judgment and sentences for a 1983 charge of delivery of cocaine and a 1984 charge of possession of cocaine.
Appellant alleges that the trial court erred in that he did not affirmatively select sentencing under the guidelines on the 1983 delivery of cocaine conviction. As to the 1984 conviction of possession of cocaine, appellant alleges that the trial court erred in departing from the recommended guidelines sentence without benefit of a guidelines scoresheet and in failing to contemporaneously set forth in writing its reasons for departure. He further alleges that the reasons for departure were invalid.
Appellant was charged with possession and delivery of cocaine on September 6, 1983. Appellant failed to appear for his court dates and a capias was issued. He was arrested on April 4, 1984, on the capi-as, and incident to the arrest and search of appellant, cocaine was found in his possession. On October 14, 1984, appellant pled guilty to the 1983 charge of delivery of cocaine and to the 1984 charge of possession of cocaine. The court adjudicated appellant guilty of these charges and stated that it was “going outside the guidelines unless the police officers tell me that I should not.” Appellant was then sentenced to the maximum period of fifteen years’ imprisonment for possession of cocaine and a consecutive term of five years’ imprisonment for possession of cocaine.
The record does not reflect that appellant ever elected to be sentenced under the guidelines, and it fails to reflect that the trial judge had available or utilized a guidelines scoresheet at the time he sentenced appellant. The only discussion of the recommended guidelines sentence came in the form of statements by the assistant state attorney who contended that the recommended guidelines sentence was twelve to thirty months’ or community control, while the attorney for appellant contended that “the guidelines end up being nonstate prison sanctions rather than controls.” The record on appeal is completely devoid of a scoresheet.
*44 Appellee contends that discussion of the guidelines by appellant’s counsel evidenced his selection to be sentenced under the guidelines for the 1983 charge of delivery of cocaine. We disagree.
Where the record contains no affirmative selection of the guidelines by appellant, this court has held that a discussion of the recommended guidelines sentence by counsel does not constitute a clear and unequivocal election. Blackwelder v. State, 476 So.2d 280 (Fla. 2d DCA 1985); Jordan v. State, 460 So.2d 477 (Fla. 2d DCA 1984). The record fails to disclose that appellant elected to be sentenced under the guidelines for the 1983 crime of delivery of cocaine, and therefore, we must reverse the sentence and remand for resentencing on this charge.
As to appellant’s contention that it was error to sentence appellant under the guidelines for the 1984 crime of possession of cocaine without benefit of a guidelines scoresheet, we agree.
Other than conflicting statements by counsel for the state and counsel for the defendant as to the recommended guidelines sentence, there is nothing in the record to show that the trial judge had the benefit of a properly prepared guidelines scoresheet. The record on appeal fails to include a guidelines scoresheet. As we have held in the past, it is error for the trial judge to depart from a guidelines sentence without the benefit of a properly prepared guidelines scoresheet. Therefore, we reverse the conviction for the 1984 crime of possession of cocaine and remand for resentencing. Myrick v. State, 461 So.2d 1359 (Fla. 2d DCA 1984); Doby v. State, 461 So.2d 1360 (Fla. 2d DCA 1984); Adams v. State, 483 So.2d 121 (Fla. 2d DCA 1986).
Because of our disposition of appellant’s first two points on appeal, we do not find it necessary to address appellant’s other points on appeal; but if departure from the guidelines is again considered, the court should demonstrably refer to a guidelines scoresheet, Lawrence v. State, 470 So.2d 102 (Fla. 2d DCA 1985), and also be guided by the following cases: Hendrix v. State, 475 So.2d 1218 (Fla.1985); Agatone v. State, 474 So.2d 846 (Fla. 2d DCA 1985); Cannada v. State, 472 So.2d 1296 (Fla. 2d DCA 1985); Lindsey v. State, 453 So.2d 485 (Fla. 2d DCA 1984).
Reversed and remanded for resentencing consistent with this opinion.
SCHEB, A.C.J., and SANDERLIN, J., concur.