491 So.2d 310 (1986)
James Edward DAWSON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-415.
District Court of Appeal of Florida, Fourth District.
July 9, 1986.
*311 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert S. Jaegers, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Chief Judge.
We affirm the convictions of James Edward Dawson on all counts, finding that his points on appeal either demonstrate no error or, in one instance, that the error is harmless. However, we vacate the sentences and remand for resentencing because of various errors apparent in the original sentencing process. Those errors are briefly chronicled here to avoid their repetition upon remand.
While the trial court expressed the intention to sentence appellant as an habitual offender, it is clear that he did not do so. Had he carried out that intent it would have been error for failure to make findings on the record in compliance with section 775.084(1)(a)3 and 4, Florida Statutes (1983).
The trial court, as we gather from examination of the record, reclassified an attempted sexual battery as a first-degree felony and a false imprisonment as a second-degree felony. This, too, was error. Pursuant to section 775.087(1), Florida Statutes (1983), there were two possible bases for reclassification: use of a weapon (mace) and commission of an aggravated battery. However, as appellant points out, "the factual element subjecting the defendant to reclassification under section 775.087(1) must be found by the trier of fact, precluding judicial reclassification in a jury trial." State v. Smith, 462 So.2d 1102, 1103 (Fla. 1985). See also State v. Overfelt, 457 So.2d 1385 (Fla. 1984); Streeter v. State, 416 So.2d 1203 (Fla. 3d DCA 1982). There was no specific finding by the jury that, in connection with the commission of attempted sexual battery and false imprisonment, appellant used a weapon or committed an aggravated battery. Although appellant was found guilty of aggravated battery in a separate count, this is not sufficient, because each count must be considered alone. Streeter.
There is an exception to the above rule where the crime of which the defendant was convicted necessarily includes the factual elements subjecting him to reclassification, see Overfelt, but such is not the case before us. It is not necessary to show the presence of all of the elements of an aggravated battery or use of a weapon in order to convict of either attempted sexual battery or false imprisonment. See §§ 777.04, 784.045, 787.02, 794.011(3), Fla. Stat. (1983).
Appellant also properly asserts that because the crimes were committed after the effective date of the sentencing guidelines he was entitled to be sentenced under the guidelines with the benefit of a court-approved guidelines scoresheet. § 921.001(4)(a), Fla. Stat. (1983); Fla.R. Crim.P. 3.701 d. 1.; Myrick v. State, 461 So.2d 1359 (Fla. 2d DCA 1984); Knight v. State, 455 So.2d 457 (Fla. 1st DCA 1984). Nor does appellant's failure to object below to being sentenced without the use of a scoresheet prevent consideration of the issue on appeal. State v. Rhoden, 448 So.2d 1013 (Fla. 1984); Myrick.
The trial court further erred in retention of jurisdiction over one-third of appellant's sentence. Retention of jurisdiction over any portion of a sentence imposed under the guidelines  as this sentence should have been  is improper. Clement v. State, 468 So.2d 467 (Fla. 4th DCA 1985).
Finally, the trial judge improperly assessed costs against appellant, who had been declared indigent, without compliance with the requirements set forth in Jenkins v. State, 444 So.2d 947 (Fla. 1984).
*312 We affirm the convictions but vacate the sentences and remand for resentencing.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
LETTS and DELL, JJ., concur.