491 So.2d 320 (1986)
Timothy Vernon GAUSE, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1785.
District Court of Appeal of Florida, Second District.
July 11, 1986.
J. Marion Moorman, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Timothy Vernon Gause was sentenced under the Youthful Offender Act on June 28, 1985. The crime for which he was sentenced occurred on November 12, 1984. Sentences imposed under the Youthful Offender Act after July 1, 1984, must conform to the sentencing guidelines. The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984); Hudson v. State, 475 So.2d 1018 (Fla. 4th DCA 1985); Braddock v. State, 472 So.2d 875 (Fla. 1st DCA 1985).
Rule 3.701(d), Florida Rules of Criminal Procedure, requires that a guidelines scoresheet be prepared for each defendant which must include all offenses pending before the court for sentencing. The fact that the trial court purports to give reasons for departure does not dispense with the requirement of a scoresheet since, without knowing the presumptive sentence under the guidelines, the court is without sufficient information to decide whether to depart from the guidelines. Lawrence v. State, 470 So.2d 102 (Fla. 2d DCA 1985); Myrick v. State, 461 So.2d 1359 (Fla. 2d DCA 1984).
No scoresheet was filed in the instant case and the record does not indicate that the trial court was aware of the presumptive sentence. Because there is no indication of what the presumptive sentence should be, it is impossible to determine whether appellant's sentence is a departure from the guidelines.
*321 Accordingly, we vacate the sentence and remand for resentencing.
DANAHY, C.J., and SCHEB and HALL, JJ., concur.