CAMPBELL, Judge.
On August 21, 1985, in proceedings below, the trial court revoked appellant’s probation and imposed sentence for a crime committed prior to October 1, 1983, the effective date of the sentencing guidelines. On appeal, appellant urges us to reverse on the ground that he was sentenced under the guidelines without the benefit of an affirmative selection. The state concedes that appellant did not select to be sentenced under the guidelines and, therefore, we must reverse and remand for resentenc-ing. See Coleman v. State, 486 So.2d 43 (Fla. 2d DCA 1986); Adams v. State, 483 So.2d 121 (Fla. 2d DCA 1986); Ryan v. State, 482 So.2d 558 (Fla. 2d DCA 1986). Should appellant select to be sentenced under the guidelines on remand, a scoresheet must be prepared. Fla.R.Crim.P. 3.701(d)(1); Gause v. State, 491 So.2d 320 (Fla. 2d DCA 1986); Adams.
Appellant also argues that the order of revocation of probation includes two grounds which were not alleged in the affidavit and warrant. A review of the record indicates that in addition to the two grounds in issue, there were sufficient other violations to warrant revocation. See Underwood v. State, 455 So.2d 1133 (Fla. 2d DCA 1984). Cf. Coxon v. State, 365 So.2d 1067 (Fla. 2d DCA 1979); Franklin v. State, 226 So.2d 461 (Fla. 2d DCA 1969). On remand, the trial court is instructed to *890 strike from the revocation order those grounds which were neither included in the affidavit and warrant nor proven by the state at the revocation hearing. See, e.g., Underwood; Paul v. State, 421 So.2d 696 (Fla. 2d DCA 1982). We also instruct the court on remand to correct the scrivener’s errors found in the revocation order (incorrect plea, incorrect date).
Accordingly, this case is reversed and remanded for resentencing.
DANAHY, C.J., and GRIMES, J., concur.