SCHOONOVER, Judge.
Appellant, Joe Pedrero, challenges his sentences for delivery and possession of cocaine. We find the trial court erred in sentencing appellant and, accordingly, remand for resentencing.
A jury found appellant guilty of delivery of cocaine in violation of section 893.-13(l)(a)(l), Florida Statutes (1983), and of possession of cocaine in violation of section 893.13(l)(e), Florida Statutes' (1983). At sentencing, the trial court orally announced that since appellant had violated his parole, it was going to depart from the guidelines in sentencing him. The court then, without referring to a sentencing guidelines score-sheet, sentenced appellant to serve ten years in the state prison for the offense of delivery of cocaine and five years for the offense of possession of cocaine. The sentences were to be served concurrently. This appeal timely followed.
We agree with appellant that the trial court erred in sentencing him without the benefit of a sentencing guidelines score-sheet and in departing from the guidelines without providing written reasons for doing so.
Florida Rule of Criminal Procedure 3.701(d)(1) requires the preparation of a scoresheet. This requirement is mandatory. Stokes v. State, 476 So.2d 313 (Fla. 1st DCA 1985). The record on appeal establishes that no scoresheet was filed in the trial court.
This court has held that if all parties are informed of the contents of a score-sheet and are aware of the presumptive sentence, the absence of a scoresheet is harmless error. See Davis v. State, 461 So.2d 1361 (Fla. 2d DCA), petition for review denied, 471 So.2d 43 (Fla.1985). In this case, however, the only reference to the guidelines sentence was made by appellant's attorney when he stated the guidelines sentence appeared to be reasonable. This is not sufficient to establish that the trial court was aware of appellant’s presumptive sentence. Barr v. State, 474 So.2d 417 (Fla. 2d DCA 1985). The trial court, accordingly, erred in sentencing appellant and in attempting to depart from the guidelines when doing so. Lawrence v. State, 470 So.2d 102 (Fla. 2d DCA 1985); Doby v. State, 461 So.2d 1360 (Fla. 2d DCA 1984).
Even if a scoresheet had been prepared and filed in the trial court, we would still have to remand for resentencing. The trial court orally gave one reason for departing from the guidelines, i.e., the appellant had violated his parole. This reason is not a valid reason for departure. Lewis v. State, 483 So.2d 749 (Fla. 2d DCA 1986). Additionally, the court did not enter a written statement setting forth clear and convincing reasons for departure. State v. Jackson, 478 So.2d 1054 (Fla.1985).
We, accordingly, reverse and remand for resentencing. Upon remand, the court should not sentence appellant without a guidelines scoresheet and if it departs from the presumptive sentence, it must set forth, in writing, clear and convincing reasons for doing so.
Reversed and remanded.
GRIMES, A.C.J., and CAMPBELL, J., concur.