PER CURIAM.
Appellant, Robert Whistin, appeals the trial court’s order that sentenced him to serve ninety-five years and sixty days in prison. He was sentenced to serve thirty years for attempted first degree murder, thirty years for sexual battery, thirty years for first degree arson, five years for grand theft and sixty days for trespass, all to be served consecutively.
Appellant first contends that the court’s failure to prepare a guidelines scoresheet requires this court to remand his case for resentencing. However, under Davis v. State, 461 So.2d 1361 (Fla. 2d DCA 1985), such error is harmless so long as it is apparent from the record that the trial court knew what the presumptive guidelines sentence was. Here, the court’s departure order contains the trial court’s statement that the presumptive range was twenty-seven to forty years. The correctness of that presumptive range is not contested. We, therefore, find this argument unpersuasive.
Appellant next argues that since he was not eligible for parole, the court improperly retained jurisdiction over a third of his sentence. Dawson v. State, 491 So.2d 310 (Fla. 4th DCA 1986). We agree and remand for removal of the court’s retention of jurisdiction.
Turning to appellant’s third argument, we remand here also, this time to allow the court to correct its judgment to reflect that appellant was convicted of trespass, not burglary.
Appellant’s final argument is that the court departed from the guidelines for invalid reasons. Under Albritton v. State, 476 So.2d 158 (Fla.1985), a sentence need not be reversed so long as the state is able to show beyond a reasonable doubt that the sentence would have been the same if the judge had not relied upon the invalid reasons. While some of the reasons recited by *732 the trial judge are not valid reasons for departure, we believe that the trial court here properly relied upon the egregious nature of the circumstances surrounding the offense. The Florida Supreme Court in Vanover v. State, 498 So.2d 899 (Fla.1986), recently upheld a departure of an aggravated battery case on facts “rendering the crime a highly extraordinary and extreme incident of aggravated battery.” We agree with the trial court here that this case also presented a highly extraordinary and extreme case. It is unreasonable to assume that the trial court would not have imposed the departure sentence without reference to the invalid reasons relating to appellant’s prior criminal history, his proclivity to commit additional crimes or the insufficiency of the guidelines sentence. The judge stated:
I do go outside the guidelines because if I have ever, ever, ever seen a case that cries for the protection of society and the protection of the victim it is this case.
The facts in this case, if they don’t justify going outside the guidelines there is no case in which we can ever, ever, ever, ever, ever go outside the guidelines. If this man is not a menace to society there is no menace to society.
The facts in this case reveal that even though appellant had previously been incarcerated for aggravated assault, kidnapping and sexual battery, in this, his latest act of violence against an innocent twenty-five-year-old woman, appellant expanded his evil craft to include attempted first-degree murder, sexual battery and arson. Appellant held a knife to his victim, slapped the victim across her face, and though the victim begged appellant not to hurt her and agreed to do whatever appellant demanded, appellant was not satisfied with merely raping the victim. After forcing the victim to engage in oral sex and vaginal intercourse with him, appellant: (1) put a gag in her mouth; (2) bound the victim’s hands and feet; (3) covered her body with a blanket; (4) ransacked the room for valuables; (5) placed a garbage bag at the foot of the bed and saturated the bag with hair spray; (6) turned on the electric heater; (7) struck a match and set fire to the bed; (8) tried to tie the bed sheet into a bundle around the victim; and (9) watched the bed go up in flames.
Affirmed and remanded in accord with this opinion.
GRIMES, A.C.J., and SCHEB and CAMPBELL, JJ., concur.