PER CURIAM.
The state appeals the sentence imposed on Edgar Davis Duffer for obtaining property in return for a worthless check. Duffer pled nolo contendere, was adjudicated guilty, and sentenced to two years community control, followed by three years probation.
The state alleges that there were two sentencing errors: first, that no sentencing guidelines scoresheet was prepared and second, that the court’s downward departure is not supported by clear and convincing reasons.
On review of the record we conclude that the absence of a scoresheet from the record on appeal is harmless error because one was prepared and presented to the trial judge for his consideration at sentencing. See Percival v. State, 506 So.2d 66 (Fla. 2d DCA 1987); Whistin v. State, 500 So.2d 730 (Fla. 2d DCA 1987); Ford v. State, 474 So.2d 250 (Fla. 2d DCA 1985); Davis v. State, 461 So.2d 1361 (Fla. 2d DCA), review denied, 471 So.2d 43 (Fla.1985).
For the reasons stated below, we agree that the reasons cited by the trial court to support the downward departure are not clear and convincing.
The first reason given by the trial judge is that Duffer offered a reasonable explanation for his failure to pay the amount owed on the worthless check. We construe this reason as an expression of the trial court’s doubt regarding Duffer’s guilt. This is an invalid reason for departure. See State v. Wright, 473 So.2d 268 (Fla. 1st DCA 1985).
The court stated further that Duffer had made restitution. Although the court had not yet ordered restitution, section 775.089, Florida Statutes (1985), provides that the court shall order a defendant to make restitution to the victim. We note that compliance with an anticipa *1328 ted court order is not a proper basis to depart. See State v. Taylor, 482 So.2d 578 (Fla. 5th DCA 1986).
The court’s second reason for departure was:
The Defendant has apparently developed a relationship with a lady who appears to have a positive influence on him, they plan to marry, and the court feels that this is the kind of stable relationship necessary to the Defendant.
The fact that Duffer plans to marry is not a clear and convincing reason for departure. See State v. Glasper, 506 So.2d 480 (Fla. 4th DCA 1987). Similarly, a defendant’s “stable environment” is an invalid ground upon which to base a departure. Taylor.
For the foregoing reasons, we vacate the sentence and remand for resentencing within the guidelines. Although we hold that the absence of a scoresheet from the record is harmless error in this case, on remand the trial court is instructed to include a scoresheet in the record.
Vacated and remanded.
CAMPBELL, A.C.J., and SCHOONOVER and THREADGILL, JJ., concur.