440 So.2d 651 (1983)
Vernon REID, Appellant,
v.
STATE of Florida, Appellee.
No. 83-428.
District Court of Appeal of Florida, Second District.
November 18, 1983.
Jerry Hill, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Katherine V. Blanco, Tampa, for appellee.
LEHAN, Judge.
Defendant appeals the sentences imposed upon him by the trial court. For a conviction of burglary with assault, the trial court sentenced defendant to 50 years imprisonment and retained jurisdiction for 25 years. For the conviction of attempted sexual battery with force likely to cause serious personal injury, the court sentenced defendant to 30 years imprisonment and retained jurisdiction for ten years. The sentences are to run concurrently.
Defendant's first point on appeal is that the 30 year sentence on the attempted sexual battery charge is in excess of the legal maximum sentence. We agree. Defendant was convicted of attempted sexual battery with force likely to cause serious personal injury. Section 794.011(3), Florida Statutes (1981), provides that a person who uses physical force likely to cause serious personal injury while committing a sexual battery is guilty of a life felony. Section 777.04(4)(b) provides that an attempt to commit a life felony is classified and punished as a second degree felony. Under section 775.082(3)(c) the maximum sentence for a second degree felony is 15 years imprisonment. Thus, the sentence of 30 years for defendant's conviction of attempted sexual battery is in excess of the legal maximum sentence. On remand, defendant should be resentenced to no more than 15 years imprisonment.
As his second point on appeal, defendant contends that the trial court improperly retained jurisdiction over one-half of the 50 year sentence for the conviction of burglary with assault. We agree. The 1982 amendment to section 947.16(3), Florida Statutes, allows a court to retain jurisdiction for one-half of a sentence. However, the effective date of that amendment was April 20, 1982, and the date of the offense in this case was April 17, 1982. Retention of jurisdiction for one-half of defendant's sentence would be an ex post facto application of the 1982 amendment; *652 the trial court should resentence defendant and retain jurisdiction over not more than one-third of the total consecutive sentences imposed. Wicker v. State, 438 So.2d 398 (Fla. 2d DCA, 1983).
REVERSED AND REMANDED.
BOARDMAN, A.C.J., and SCHEB, J., concur.