THOMPSON, Judge.
In this appeal from concurrent five-year sentences imposed for possession of cocaine and bail bond jumping, appellant contends that the trial court erred in refusing to honor his election to be sentenced under the sentencing guidelines, Rule 3.701, Fla. R.Crim.P. We agree that appellant was entitled to be sentenced under the guidelines, and reverse and remand for resen-tencing.
On September 28,1982, appellant entered a plea of nolo contendere to the charge of possession of cocaine. Appellant thereafter fled the jurisdiction, and failed to appear at the October 28, 1982, sentencing hearing. On November 5,1982, bail bond jumping charges were filed against appellant. Appellant was thereafter incarcerated in another jurisdiction and was not returned to Florida until January 6, 1984. On January 17,1984, he pled guilty to the charge of bail bond jumping and elected to be sentenced for both crimes pursuant to the sentencing guidelines. The trial judge refused to apply the guidelines on the ground that appellant would not have been entitled to be sentenced under the guidelines had he not absconded prior to being sentenced for the cocaine charge. This ruling was error.
*555 In its opinion adopting the sentencing guidelines, our Supreme Court stated:
The sentencing guidelines adopted herein will be effective for all applicable offenses committed after 12:01 a.m., October 1, 1983 and, if affirmatively selected by the defendant, to sentences imposed after that date for applicable crimes occurring prior thereto.
In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848, 849 (Fla.1983). The quoted language unequivocally establishes that defendants who are sentenced for applicable crimes on or after October 1, 1983, may elect to be sentenced under the guidelines. The court created no exception for fugitives from justice or others who cause sentencing proceedings which ordinarily would have been held pri- or to October 1, 1983, to be delayed until after that date. See Johnson v. State, 453 So.2d 411 (Fla. 1st DCA 1984); Duggar v. State, 446 So.2d 222 (Fla. 1st DCA 1984).
REVERSED and REMANDED for re-sentencing.
SHIVERS and ZEHMER, JJ., concur.