COBB, Chief Judge.
The appellant, Richard R. Schmitt, together with four others, was convicted of conspiracy to traffic in marijuana, trafficking, and importation. The evidence and jury instructions herein reveal no differentiation between the act constituting the importation and any separate acts constituting the trafficking, hence the importation conviction cannot stand. Bell v. State, 437 So.2d 1057 (Fla.1983). The remaining appellate issues relating to the convictions for trafficking and conspiracy are without merit.
The appellant also urges that the trial court erred in declining to sentence him under the sentencing guidelines. Section 921.001(4)(a), Florida Statutes (1983), requires that a defendant sentenced after October 1,1983, be sentenced in accordance with the guidelines, if he so elects. There are no exceptions to this requirement except those provided by law. See Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984); Knight v. State, 455 So.2d 457 (Fla. 1st DCA 1984).
The trial court explicitly found that it would not be sentencing under the guidelines, apparently for the reason that the defendant did not meet its requirement that the parties file a sentencing report ten days prior to sentencing, although the order for this requirement was received by counsel for the appellant only six days pri- or to sentencing. This cannot constitute a valid waiver of the sentencing guidelines. Florida Rule of Criminal Procedure 3.701 and section 921.001(4)(a), Florida Statutes, not to mention fundamental due process, do not permit the trial judge to place a limitation on a defendant’s right to exercise his prerogative to be sentenced under the sentencing guidelines, as was done in this case.
The appellant’s conviction for importation is reversed; his convictions for conspiracy and trafficking are affirmed. The sentences for the latter two offenses are reversed, and the cause remanded for re-sentencing pursuant to the sentencing guidelines.
REVERSED in part; AFFIRMED in part; and REMANDED for resentencing.
DAUKSCH and FRANK D. UP-CHURCH, Jr., JJ„ concur.