460 So.2d 921 (1984)
Vernon A. REID, Appellant,
v.
STATE of Florida, Appellee.
No. 84-695.
District Court of Appeal of Florida, Second District.
November 16, 1984.
Rehearing Denied December 27, 1984.
*922 Jerry Hill, Public Defender, Bartow and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Chief Judge.
The appellant was tried and found guilty of burglary/assault and attempted sexual battery. For the burglary/assault conviction, the trial court sentenced him to fifty years imprisonment and retained jurisdiction for twenty-five years. For the attempted sexual battery conviction, the court sentenced him to thirty years imprisonment and retained jurisdiction for ten years. These sentences were reversed and remanded for "resentencing" in Reid v. State, 440 So.2d 651 (Fla. 2d DCA 1983). This opinion was issued on November 18, 1983.
At the March 7, 1984 resentencing hearing, the appellant attempted to elect to be sentenced under the sentencing guidelines, Florida Rule of Criminal Procedure 3.701, which became effective on October 1, 1983. During the hearing, appellant argued that under the guidelines the recommended sentence range for his convictions was three and one-half to four and one-half years imprisonment. The court ruled that the guidelines did not apply to this case on the ground that, according to Reid, supra, the proceeding was a "resentencing" rather than a "sentencing." The court reasoned that because the guidelines did not apply when the appellant was originally sentenced, they did not apply when he was resentenced. Thereafter, the court sentenced the appellant to fifty years on the burglary/assault conviction and fifteen years on the attempted sexual battery conviction. The court retained jurisdiction over one-third of each sentence.
Section 921.001(4)(a), Florida Statutes (1983), provides that: "[t]he guidelines shall be applied ... to all felonies, except capital felonies and life felonies, committed prior to October 1, 1983, for which sentencing occurs after such date when the defendant affirmatively selects to be sentenced... ." These guidelines were adopted by the legislature and approved by the Florida Supreme Court. There is no exception in the guidelines for the omission of those cases where a sentence has been reversed and remanded for resentencing. Cf. Boyett v. State, 452 So.2d 958, 959 (Fla. 2d DCA 1984).
In this case, the appellant's sentence was reversed by this court after October 1, 1983. Our sister court has ruled that even where a delay until after October 1, 1983 has been caused by a defendant's own misdeed, the defendant may still elect guidelines sentencing. Knight v. State, 455 So.2d 457 (Fla. 1st DCA 1984) (defendant failed to appear at initial sentencing *923 hearing); Query v. State, 455 So.2d 554 (Fla. 1st DCA 1984) (defendant was a fugitive from justice for over one year). The delay in the imposition of appellant's legal sentence was due to his exercising his right to appeal. He is entitled to elect guidelines sentencing.
In reviewing the record on appeal, we note that the March 7, 1984 judgment on remand after the first appeal reflects that the court sentenced the appellant to the maximum sentence for a second degree felony (fifteen years), but listed the crime as a first degree on the judgment. Upon remand, the trial court should correct this error so that the proper number of points are assessed when calculating the guidelines sentence.
Reversed and remanded to allow the appellant to be sentenced under the guidelines.
CAMPBELL and LEHAN, JJ., concur.