PER CURIAM.
The only question on this appeal is the right of appellant to be sentenced under the guidelines upon his request where his original sentence (vacated on appeal) occurred prior to application of the sentence guidelines. We hold he is entitled to elect resentencing under the guidelines and therefore reverse.
Appellant was originally sentenced to fifteen years in prison on his plea of guilty to the offense of burglary. This court vacated the original sentence on an earlier appeal and ordered appellant to be resen-tenced by the trial court. 439 So.2d 1002, appeal after remand 428 So.2d 738.
At the resentencing hearing on January 12, 1984, the defendant requested sentencing under the guidelines, Florida Rule of Criminal Procedure 3.701, which became effective October 1, 1983. The prosecutor argued, however, that the defendant was not entitled to be sentenced under the guidelines because a plea had been negotiated in his case two years previously, as a result of which the defendant had received the benefit of the state’s not proceeding on the charge of sexual battery on a child eleven and one-half years of age.
The trial judge refused to sentence under the guidelines for several stated reasons. First, the burglary category under the guidelines did not include first degree punishable by life, whereas the offense the defendant committed — burglary with an assault — was so punishable at the time of original sentencing. Second, sentence originally had been imposed on the defendant prior to the effective date of the guidelines. The judge further stated that, if the guidelines did apply, there were clear and convincing reasons for departure.
Even though the defendant had been sentenced once prior to the effective date of the guidelines, that sentence was vacated on constitutional grounds. In effect, January 12, 1984, became the first date on which sentence could legally be imposed on the defendant. We recently visited this question in the case of Reid v. State, 460 So.2d 921 (Fla. 2d DCA 1984), and found that there is no exception in the guidelines for cases that have been reversed and remanded for resentencing.
Second, even though the guidelines, prior to their amendment by the supreme court in The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988—Sentencing Guidelines), 451 So.2d 824 (Fla. 1984), did not specify a point assessment for first-degree burglary punishable by life, the guidelines were nevertheless applicable. The offense should have been scored as a burglary felony of the first degree. Vileta v. State, 454 So.2d 792 (Fla. 2d DCA 1984).
Finally, the trial judge stated in the record that, if the guidelines did apply, he would impose a sentence outside the guidelines. We simply observe that this appeal does not present us with a review of that action. We are not unaware of our decision in Green v. State, 460 So.2d 378 (Fla. 2d DCA 1984) [9 F.L.W. 2037], wherein we held a negotiated plea may be valid and sufficient reason for departure.
REVERSED AND REMANDED FOR RESENTENCING.
GRIMES, A.C.J., and SCHEB and OTT, JJ., concur.