SCHEB, Acting Chief Judge.
Defendant Dennis T. Coleman appeals his judgment and sentence for battery of a law enforcement officer. We have examined the several points he raises and find that only one has merit. He contends that the trial court improperly retained jurisdiction over his sentence. We agree.
The state charged defendant with battery of a law enforcement officer, a third-degree felony under section 784.07(2)(b), Florida Statutes (1981). At trial the state’s evidence revealed that on April 15, 1982, two uniformed police officers entered the New Lounge in Tampa to make a bar check. The officers saw the defendant in the bar. They noticed that he was wearing cut-off shorts and high white basketball socks. The socks were skin tight, ending just below his kneecap. In one sock the officer saw a large bulge. One officer believed this bulge might have been a knife, another weapon, or a narcotic.
This officer approached defendant. When the officer leaned forward to get a better look at the bulge, defendant shoved him in the chest and shoulders with both hands. This push caused the officer to stagger, tip over backwards, and almost lose his balance. The officer, however, did not fall, and no evidence was introduced to show that the officer suffered any personal injury. The officer said he had not given defendant permission to touch him. He admitted that the defendant never threatened him verbally or physically.
The defendant, who testified on his own behalf, said that when the officers approached him, one of them asked to see what was in his sock. When he reached down into the sock, the officers, grabbed his arms and he shoved them back.
*579 A jury found defendant guilty as charged. The trial court adjudicated him as an habitual offender and sentenced him to an extended term of ten years imprisonment under section 775.084, Florida Statutes (1981). The trial judge also retained jurisdiction over one-half of his sentence under section 947.16(3), Florida Statutes (Supp.1982),[1] because he concluded that the crime involved the use of intentional violence and the victim was injured.
Defendant argues that the trial court improperly retained jurisdiction over his sentence. Defendant was not convicted of any of the specific crimes set forth in the statute. See § 947.16(3), Fla.Stat. (1981). Consequently, the only classification under section 947.16(3), which might apply to defendant, is “any felony involving ... the use of intentional violence.” Id. Intentional violence is not defined in the statute. While any battery against a law enforcement officer is a serious offense, we do not believe that defendant’s shoving of the police officer in this case constitutes the type of intentional violence contemplated by the statute. Here, the defendant merely shoved the officer without threatening or injuring him. To hold otherwise would inject an additional element of intentional violence into an offense which, but for the victim’s occupation, would be a misdemean- or offense of simple battery. See § 784.-03(2), Fla.Stat. (1981).
Accordingly, the trial court erred in retaining jurisdiction over defendant’s sentence. We remand the case to the trial court for entry of an amended sentence deleting the retention of jurisdiction. Otherwise, we affirm defendant’s conviction and sentence.
SCHOONOVER, J., and BENTLEY, E. RANDOLPH, Associate Judge, concur.

. Defendant correctly argues that, under the statute in force when the crime was committed, the trial judge could only retain jurisdiction over one-third of his sentence. See Reid v. State, 440 So.2d 651 (Fla. 2d DCA 1982). Cf. §§ 947.16(3), Fla.Stat. (1981) and 947.16(3), Fla. Stat. (Supp.1982). See also Springfield v. State, 443 So.2d 484 (Fla. 2d DCA 1984) (ex post facto application of the retention statute is not fundamental error and objection must be made in the trial court to preserve the issue for appellate review). In view of our holding, we need not address defendant’s contention on this issue.