BASKIN, Judge.
We reject as without merit appellant’s challenges to the validity of his convictions for kidnapping without a firearm, robbery without a firearm, and sexual battery without a firearm. See Heiney v. State, 447 So.2d 210 (Fla.1984); Justus v. State, 438 So.2d 358 (Fla.1983), cert. denied, — U.S. -, 104 S.Ct. 1332, 79 L.Ed.2d 726 (1984); Crum v. State, 172 So.2d 24 (Fla. 3d DCA), cert. denied, 179 So.2d 218 (Fla.1965).
We vacate the sentences, however, and remand for resentencing. The trial court and the state erroneously concluded that appellant had been convicted of “life felonies” * rendering sentencing guidelines contained in Florida Rule of Criminal Procedure 3.701 inapplicable. Sias was permitted to elect sentencing under the guidelines only in connection with his conviction for possession of a short-barreled rifle.
The kidnapping and sexual battery offenses are actually first degree felonies, §§ 787.01(2), 794.011(4), Fla.Stat. (1981), and the robbery is a second degree felony, § 812.13(c), Fla.Stat. (1981). Thus, because appellant’s highest felony convictions are for first degree felony offenses occurring before October 1, 1983, he is entitled to be sentenced under the guidelines upon his affirmative selection, In re Rules of Criminal Procedure, 439 So.2d 848 (Fla.1983), even in the absence of a contemporaneous objection. See State v. Rhoden, 448 So.2d 1013 (Fla.1984). Upon remand, if appellant selects sentencing under the guidelines, the state must comply with Florida Rule of Criminal Procedure 3.701(d)(1).
Convictions affirmed, sentences vacated in case No. 84-967, and cause remanded for resentencing.

 Florida Rule of Criminal Procedure 3.701 committee note (c) states that the guidelines do not apply to capital felonies.