482 So.2d 528 (1986)
William CHIPPAS, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1631.
District Court of Appeal of Florida, Fifth District.
January 30, 1986.
William Chippas, Avon Park, pro se.
Jim Smith, Atty. Gen., Tallahassee, and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellee.
UPCHURCH, Judge.
This is an appeal from an order denying post-conviction relief. Chippas was originally convicted and sentenced for conspiracy to traffic and for trafficking in cannabis. The court imposed an eight-year sentence on the conspiracy count and a thirty-year split sentence on the trafficking count (twelve years in prison followed by eighteen years probation). The sentences were affirmed on appeal. In January, 1984, the thirty-year split sentence was vacated by the trial court pursuant to Villery v. Florida *529 Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981). Chippas was resentenced and did not appeal the resentences. In May, 1984, Chippas filed a motion for review under Florida Rule of Criminal Procedure 3.850 contending he should have been resentenced under the sentencing guidelines.
We conclude that the motion for post-conviction relief was properly denied. Matters which could have been raised on direct appeal may not be considered by motion under rule 3.850. See, e.g., Smith v. State, 453 So.2d 388 (Fla. 1984); McCrae v. State, 437 So.2d 1388 (Fla. 1983). Furthermore, rule 3.850 has been amended, effective January 1, 1985, to state:
This rule does not authorize relief based upon grounds which could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence.
The Florida Bar Re Amendment to Rules of Criminal Procedure (Rule 3.850), 460 So.2d 907 (Fla. 1984).
Here Chippas was entitled to elect sentencing under the guidelines at his resentencing hearing. See Reid v. State, 460 So.2d 921 (Fla. 2d DCA 1984). However, the denial of his request to be sentenced under the guidelines was known at the time of sentencing and the alleged error could have been raised on direct appeal. Since the motion raised an issue which could have been addressed on appeal, the order of the trial court denying relief is affirmed. See Bass v. State, 478 So.2d 461 (Fla. 1st DCA 1985) (defendant not entitled to raise issue of alleged error in imposing consecutive mandatory sentences in motion for post-conviction relief where matter at issue could have been raised on direct appeal).
AFFIRMED.
COBB, C.J., and ORFINGER, J., concur.