484 So.2d 621 (1986)
Ignacio MORA, Appellant,
v.
STATE of Florida, Appellee.
No. 85-187.
District Court of Appeal of Florida, Second District.
February 14, 1986.
Rehearing Denied March 13, 1986.
*622 James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
This is another of the steadily mounting number of judicial interpretations of what the sentencing guidelines mean. Defendant appeals a sentence departing from the sentencing guidelines. We reverse.
Defendant was charged with one count of burglary with assault or battery and one count of sexual battery. After a nonjury trial, he was found guilty of the burglary charge and was acquitted of sexual battery. The recommended guidelines sentence was three years imprisonment. The trial court imposed a sentence of ten years imprisonment, giving as the reason for departure that the assault or battery underlying the burglary conviction was a rape repeated several times with children present.
On appeal defendant contends that the trial court's reason for departing from the guidelines was invalid under Fla.R.Crim.P. 3.701(d)(11) which provides that reasons for deviating from the guidelines shall not include factors relating to the instant offense for which convictions have not been obtained. Defendant contends that since he was found not guilty on the charge of sexual battery, and since no conviction was sought or obtained for performing lewd and lascivious acts in the presence of a child [a violation of § 800.04, Fla. Stat. (1983)], the trial court did not have proper grounds for departing from the guidelines.
In response, the state argues that in proving the burglary charge for which defendant was convicted, the state also proved that defendant committed an assault or battery. Thus, the state argues, the rape which was committed incident to the burglary was not a factor proscribed by rule 3.701(d)(11) as a basis for departure because it was a factor for which defendant was convicted as a part of the burglary conviction.
We disagree with the state's conclusion although we agree with the beginning premises of the state's argument. That is, we agree with the general proposition that unusual factors which related to the burglary offense and which constituted assault or battery could be a proper basis for departure from the sentencing guidelines because defendant could then be considered as having been convicted of those factors, if those factors are not already considered in the computation of the recommended guidelines sentence. See Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Accordingly, use of those factors as a basis for departure would not run afoul of the foregoing rule, for example, if there were in this case a type of assault or battery which was related to the burglary and which did not constitute sexual battery for which defendant was acquitted. We also do not disagree that in this case the trial court could have found such a type of assault or battery to have existed and, therefore, could properly have departed from the guidelines on that basis. However, the trial court did not do so. The trial court based the departure from the guidelines upon the rape. Since rape could be considered as synonymous with sexual battery (there is no rape statute, only a sexual battery statute), the basis for the trial court's departure, which was rape, appears to have been a factor which was related to *623 sexual battery and for which defendant was acquitted.
We explain further. The statute under which defendant was charged provides that burglary is a first-degree felony if, during the commission of the burglary, the offender makes an assault or battery upon any person, or is armed. The charging document in this case alleged that defendant, while committing the burglary, "did make an assault or commit a battery" on the victim. The proof offered at trial by the state was that the defendant forced the victim to engage in sexual intercourse with him after he had spent some time kissing and touching her in a sexual manner, undressing her, and making sexual gestures. The state argues that these actions were part of the charge of burglary with assault or battery for which defendant was convicted. But, the foregoing factors, aside from the rape or sexual battery for which defendant was acquitted, were not given as the basis for the trial court's departure.
It may be possible that the trial judge, as the finder of fact in the nonjury trial, believed that defendant committed an assault or battery upon the victim which was of a sexual nature yet was not sufficiently proven so as to have contained all the elements required under section 794.011, Florida Statutes (1983), for a conviction of sexual battery. Under that approach, factors involved in the attack upon the victim, as a part of the burglary with assault or battery conviction, might have provided a proper basis to depart from the guidelines if those factors had been so delineated. However, the trial court's use of the word "rape" indicates that he may not have been using that approach and suggests that he might have been using as a basis for departure a factor for which defendant was acquitted.
We therefore reverse the sentence and remand for resentencing. On remand the trial court may sentence defendant within the guidelines or may again depart if valid reasons are given.
Reversed and remanded for proceedings not inconsistent herewith.
SCHEB, A.C.J., and FRANK, J., concur.