488 So.2d 913 (1986)
Vernon A. REID, Appellant,
v.
STATE of Florida, Appellee.
No. 85-662.
District Court of Appeal of Florida, Second District.
May 23, 1986.
*914 James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
In this guidelines case involving a departure from the recommended sentence, we reverse and remand for resentencing.
Defendant was convicted of burglary/assault and attempted sexual battery. At his resentencing following our remand in an earlier appeal, Reid v. State, 460 So.2d 921 (Fla. 2d DCA 1984), which had been preceded by a still earlier appeal, Reid v. State, 440 So.2d 651 (Fla. 2d DCA 1983), he was sentenced to fifty years for the burglary/assault conviction and fifteen years for the attempted sexual battery conviction. This was a departure from the recommended guidelines sentence of nine to twelve years. On appeal defendant contends that (a) the trial court erred in using the sentencing guidelines in effect at the time the defendant was resentenced, rather than those in effect at the time of his original sentencing; (b) that the trial court *915 erred in using invalid reasons for departure from the recommended guidelines sentence; and (c) that the extent of the departure was excessive.
As to (a), we conclude that the trial court correctly used the guidelines in effect at the time of the resentencing. See State v. Jackson, 478 So.2d 1054 (Fla. 1985).
As to (b), the trial court's reasons for departure were
1. Threats made by defendant to kill victim.
2. Serious injury inflicted upon victim by defendant.
3. Prior criminal record of defendant consisting of the robbery.
4. Particularly violent nature of these offenses.
5. In this court's opinion, defendant is a danger to society.
6. The fact that defendant broke into victim's home, she being alone, threatened her and inflicted injuries.
We conclude that reason 1 involving threats was invalid. There is no indication as to what, or how serious, the threats were. Also, there is no indication in the trial court's reasons that anything defendant said affected the victim. As to reason 2, serious injury inflicted upon the victim, and reason 3, defendant's prior criminal record, those aspects had already been factored into the guidelines scoresheet. See Mora v. State, 484 So.2d 621 (Fla. 2d DCA 1985). As to reason 4, the particularly violent nature of the offense, the violence inherent in the offenses had also already been factored into the scoresheet and no unusual facts in this regard were set forth by the trial judge. See Tompkins v. State, 483 So.2d 115 (Fla. 2d DCA 1986). As to reason 5, danger to society, that reason, standing alone, is an invalid basis for departure. See Lorenzo v. State, 483 So.2d 790 (Fla. 4th DCA 1986); Martinez-Diaz v. State, 484 So.2d 633 (Fla. 2d DCA 1986). As to reason 6, the breaking into victim's home, that portion of the reason dependent upon the unlawful entry into the victim's home was an element of one of the offenses for which defendant was convicted and was therefore an invalid reason for departure. See Irving v. State, 484 So.2d 78 (Fla. 2d DCA 1986). The threat and the injuries were contained in reasons 1 and 2 which are referred to above. The mere fact that the victim was alone is not a valid reason for departure. Cf. Casteel v. State, 481 So.2d 72 (Fla. 1st DCA 1986) (that the sexual battery was committed in the presence of the victim's son and will have a traumatic effect on the victim and the son can be a valid reason for departure).
Contention (c), therefore, has become moot and we remand for resentencing within the guidelines presumptive range.
DANAHY, A.C.J., and FRANK, J., concur.