492 So.2d 394 (1986)
Melvin WRIGHT, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. BJ-132.
District Court of Appeal of Florida, First District.
May 29, 1986.
On Motion for Rehearing August 7, 1986.
Melvin Wright, Sr., pro se.
No appearance for appellee.
JOANOS, Judge.
Melvin Wright, Sr. appeals from the denial of his motion for post-conviction relief. Wright, who was sentenced on June 4, 1984, among other things, alleges his *395 counsel failed to advise him that he was entitled to elect guideline sentencing. We have determined that this constitutes a facially sufficient allegation of ineffective assistance of counsel.
Section 921.001(4)(a), Florida Statutes (1983), provides in relevant part: "The guidelines shall be applied ... to all felonies, except capital felonies and life felonies, committed prior to October 1, 1983, for which sentencing occurs after such date when the defendant affirmatively selects to be sentenced pursuant to the provisions of this act." (emphasis added). In Re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983). There is no exception to the right to elect guideline sentencing when sentencing occurs after the October 1, 1983 effective date of the guidelines. Query v. State, 455 So.2d 554 (Fla. 1st DCA 1984); Knight v. State, 455 So.2d 457 (Fla. 1st DCA 1984); Adams v. State, 483 So.2d 121 (Fla. 2d DCA 1986); Chippas v. State, 482 So.2d 528 (Fla. 5th DCA 1986).
Since Wright's motion for post-conviction relief presents a facial allegation of ineffective assistance of counsel, we reverse and remand with directions to the trial court to either conduct an evidentiary hearing or attach to the order "a copy of that portion of the files and records which conclusively shows that the prisoner is entitled to no relief." Fla.R.Crim.P. 3.850.
Reversed and remanded for proceedings consistent with this opinion.
ERVIN and WENTWORTH, JJ., concur.

ON MOTION FOR REHEARING
JOANOS, Judge.
The state has filed a motion for rehearing or modification of our opinion which reversed and remanded the summary denial of appellant's motion for post-conviction relief.
The state requests that we modify our opinion to direct the trial court, on remand, to order the State Attorney to respond to appellant's motion, pursuant to the recent amendment to Florida Rule of Criminal Procedure 3.850, which provides in relevant part:
Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall order the State Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate. The answers shall respond to the allegations of the motion.
We agree with the state that the procedure outlined in the amendment to Rule 3.850 may obviate the need for an evidentiary hearing. Accordingly, we modify our opinion to direct that on remand the trial court shall order the State Attorney to respond to the allegations of appellant's motion. In the absence of controverting matters made known by the state through its answer, the trial court shall grant an evidentiary hearing, pursuant to our opinion and the provisions of Rule 3.850. See: Price v. State, 487 So.2d 34 (Fla. 1st DCA 1986).
ERVIN and WENTWORTH, JJ., concur.