SCHEB, Acting Chief Judge.
Defendant Russell Mark Bailie was convicted on two counts of the sale of marijuana. On appeal he raises four points. We find merit only to defendant’s contentions that the trial judge erred by: (1) depriving him of the opportunity to be sentenced under the guidelines; and (2) requiring him to pay $200 court costs pursuant to section 27.3455(1) Florida Statutes (1985).
At the sentencing hearing on March 5, 1986, the trial judge ruled that the sentencing guidelines were inapplicable because the defendant’s offenses occurred in 1982 before the enactment of the guidelines. The court then proceeded to sentence the defendant to consecutive terms of five years and three and one-half years in state prison, for a total sentence of eight and one-half years. In addition to $50 court costs, the court also ordered the defendant to pay $200 pursuant to section 27.3455(1), Florida Statutes (1985); $20 pursuant to section 960.20; and $2 pursuant to section 943.25(4).
Section 921.001(4)(a), Florida Statutes (1985), provides that: “The guidelines shall be applied ... to all felonies, except capital felonies and life felonies, committed prior to October 1, 1983, for which sentencing occurs after such date when the defendant affirmatively selects to be sentenced....” Here, the trial court erred because its ruling deprived the defendant of the opportunity to elect sentencing in accordance with the guidelines. See § 921.001(4)(a); Schmitt v. State, 458 So.2d 1183 (Fla. 5th DCA 1984).
The trial court also erred by imposing costs pursuant to section 27.3455, which became effective July .1, 1985. This court held in Bowman v. State, 495 So.2d 868 (Fla. 2d DCA 1986), that section 27.3455 does not apply retroactively to crimes committed before the effective date of the statute. Here, the defendant’s crimes were committed on March 16, 1982, and April 1, 1982. Thus, the statute was inapplicable.
Accordingly, we reverse the defendant’s sentence and remand to allow the defendant to select to be resentenced under the guidelines. Additionally, we strike that portion of the judgment imposing $200 court costs assessed against the defendant pursuant to section 27.3455; we affirm imposition of the other costs.
RYDER and SCHOONOVER, JJ., concur.