ERVIN, Judge.
McLeod, appealing from a denial of his 3.850 motion, contends that he was denied effective assistance of counsel, in that he was not given the opportunity to affirmatively select a guideline sentence, and his counsel failed to object to the imposition of the non-guideline sentence. We agree that the appellant was entitled to make an affirmative selection of guideline sentencing, as none of the crimes for which he was convicted was a life or capital offense.
The record reflects that the appellant was found guilty of the following crimes: attempted murder in the second degree with a firearm, discharging a machine gun in public, attempted armed robbery while in possession of a firearm, and armed robbery while in possession of a firearm. Although the appellant committed all the above crimes before October 1,1983, the effective date of guideline sentencing,[1] he was not sentenced until after that date. In the written judgment entered, the appellant’s conviction for robbery, while in possession *604 of a firearm, is listed as a “life felony.” The trial court, erroneously assuming that the armed robbery offense is a life felony, concluded that McLeod had no right to make an affirmative selection to be sentenced under the guidelines for either the armed robbery, or any of the non-life felonies accompanying the robbery charge.
We find two errors in the trial court’s reasoning. First, armed robbery is a first degree felony, not a life felony. Section 775.081, Florida Statutes (1983), in classifying felonies and misdemeanors, specifically provides that “a life felony must be so designated by statute.” Section 812.-13(2)(a), Florida Statutes (1983), does not designate a robbery, committed while the offender carried a firearm or other deadly weapon, as a “life felony,” but rather as a “felony of the first degree punishable by imprisonment for a term of years not exceeding life imprisonment.” (e.s.) See also Lee v. State, 399 So.2d 1027 (Fla. 1st DCA), pet. for rev. denied, 407 So.2d 1106 (Fla.1981) (armed robbery is not a “life felony”, but is a “felony of the first degree”). Second, even if the lower court had correctly concluded that armed robbery is a life felony, for which the defendant had no right to be given a guideline sentence, the defendant was nonetheless entitled to affirmatively select guideline sentencing on the remaining charges. See Coleman v. State, 483 So.2d 539 (Fla. 2d DCA 1986) (concomitant offenses were noncapital offenses for which the trial court should have applied statute requiring all noncapital offenses to be adjudicated under sentencing guidelines); Sias v. State, 464 So.2d 1276 (Fla. 3d DCA 1985) (because appellant’s highest convictions were for first degree felonies, he is entitled to a guideline sentence upon his affirmative selection); Schmitt v. State, 458 So.2d 1183 (Fla. 5th DCA 1984) (there are no exceptions to the requirement that a defendant be sentenced in accordance with the guidelines, if he so elects, except for those exceptions provided by law).
Under the circumstances, we find that the trial court’s summary denial of the appellant’s 3.850 motion, alleging ineffective assistance of counsel, was erroneous. This court faced a similar issue in Wright v. State, 492 So.2d 394 (Fla. 1st DCA 1986), wherein the appellant had stated in his 3.850 motion that his attorney had failed to advise him that he was entitled to select guideline sentencing. We there concluded that such a claim constitutes a facially sufficient allegation of ineffective assistance of counsel. Accordingly, we follow Wright, reverse the summary denial of McLeod’s 3.850 motion, and remand this cause to the trial court with directions that it either attach portions of the record conclusively showing that the appellant is entitled to no relief, or order the state attorney to respond to the motion and, if necessary, to conduct an evidentiary hearing.
REVERSED and REMANDED for further proceedings.
MILLS and NIMMONS, JJ., concur.

. Under Section 921.001(4)(a), Florida Statutes (1983), guideline sentencing “shall be applied to all felonies ... except capital and life felonies, committed prior to October 1, 1983, for which sentencing occurs after such date when the defendant affirmatively selects to be sen-tenced_” (e.s.)