MILLS, Judge.
Anthony Jerome Nealy appeals from a sentence of five years’ imprisonment, following violation of community control, for attempted lewd and lascivious assault upon a child. Finding Nealy was not given the opportunity to elect to be sentenced pursuant to the sentencing guidelines at the time he was originally sentenced, we vacate the sentence and remand for resentencing.
Nealy was charged in October 1983 with one count of lewd and lascivious assault upon a child under the age of 14, a second degree felony (§ 800.04, Fla.Stat. (1983)). The crime was alleged to have occurred on 4 July 1983 and “at various and diverse times between July 4, 1983 and August 15, 1983.” Nealy pleaded nolo contendere to attempted lewd and lascivious assault (a third degree felony) and, in January 1984, he was placed on probation for five years. Imposition of sentence was withheld.
In June 1985, Nealy was charged with probation violations. In September 1985, the court found he had indeed violated the terms of his probation, revoked probation, and sentenced him on the underlying felony, as a youthful offender, to 30 months’ incarceration (with credit for time served) to be followed by two years’ community control. Although the record contains a sentencing guidelines scoresheet prepared at the time of sentencing showing a recommended sentence of any nonstate prison sanction, there is nothing in the record indicating that Nealy affirmatively elected to be sentenced pursuant to the guidelines. No appeal from the sentence was taken.
After Nealy was released from incarceration, and while on community control, he *986 was charged with community control violations and brought up for resentencing. This time,' he affirmatively elected to be sentenced pursuant to the sentencing guidelines. The guidelines scoresheet indicated a presumptive sentence of any non-state prison sanction. The trial court, however, found Nealy violated community control and resentenced him on the underlying felony to five years’ imprisonment with credit for time served. The trial court gave written reasons for departure. This appeal ensued.
Nealy makes two arguments in his initial brief. He first contends that the sentence of five years’ imprisonment following violation of community control should be vacated because he was not legally on community control at the time he allegedly violated it. This is so, Nealy argues, because the original sentence of 30 months incarceration to be followed by community control was a departure from the sentencing guidelines imposed without written reasons therefor. The other argument put forth by Nealy is that the reasons given by the trial court for departing from the guidelines at the time he was sentenced to five years’ imprisonment are not clear and convincing. The state responded by conceding that the trial court improperly departed from the guidelines without written reasons when the original sentence was imposed. It did not address the second issue.
After reviewing the briefs and the record, this Court issued an order requesting the parties to supplement the record and to brief, among other things, the question of whether Nealy elected guidelines sentencing when originally sentenced. Upon review of the supplemental record, it does not appear that Nealy was afforded the option of electing guidelines sentencing when originally sentenced. The original sentence, therefore, was illegal in the sense that it was imposed without the trial court fulfilling its affirmative duty to determine whether a defendant elects guidelines sentencing, and therefore must be vacated. See Johnson v. State, 516 So.2d 1100 (Fla. 1st DCA 1987), and cases cited therein. Because Nealy was not on community control pursuant to a valid sentence at the time he allegedly violated the terms and conditions thereof, the sentence of five years’ incarceration following violation of community control is a nullity. Cf Robbins v. State, 413 So.2d 840 (Fla. 3d DCA 1982).
For the foregoing reasons, both sentences are vacated and the case remanded for resentencing with credit for time served. In view of our disposition of this appeal, the other issues raised are moot.
SMITH, C.J., and SHIVERS, J., concur.