SHEVIN, Judge.
We reverse the sentence imposed upon revocation of probation.
Having been placed on probation before October 1, 1983, defendant is entitled to elect to be sentenced under the guidelines upon revocation of probation after October 1, 1983. See State v. Boyett, 467 So.2d 997, 998 (Fla.1985); Jackson v. State, 454 So.2d 691, 692 (Fla. 1st DCA 1984). Accordingly, the court erred in failing to afford defendant this option. Baker v. State, 659 So.2d 713 (Fla. 4th DCA 1995); Nealy v. State, 518 So.2d 985 (Fla. 1st DCA 1988); Sias v. State, 464 So.2d 1276 (Fla. 3d DCA 1985); Schmitt v. State, 458 So.2d 1183 (Fla. 5th DCA 1984). Upon resentencing, defendant shall be permitted to elect a guidelines sentence. However, as noted in State v. Pentaude, 500 So.2d 526, 528 (Fla.1987), this rule does not completely limit the trial court’s discretion in sentencing. “[W]here a trial judge finds that the underlying reasons for violation of probation (as opposed to the mere fact of violation) are more than a minor infraction and are sufficiently egregious, he is entitled to depart from the presumptive guidelines range and impose an appropriate sentence within the statutory limit.” Pentaude, 500 So.2d at 528.
Sentence reversed and cause remanded for resentencing.