COPE, J.
 

 This is an appeal of an order denying the motion of defendant-appellant John J. Carroll to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a).
 
 *
 
 We affirm.
 

 The defendant was convicted and sentenced in 1982 for third-degree murder, armed burglary, and armed robbery. This
 
 *914
 
 court affirmed the convictions but directed that the sentence for armed robbery be reduced to the appropriate legal maximum of thirty years.
 
 Carroll v. State,
 
 497 So.2d 253, 266-67 (Fla. 3d DCA 1985) (en banc). The court also directed that the three-year mandatory minimum terms be changed from consecutive to concurrent.
 
 Id.
 
 at 267.
 

 The defendant argues that the remand for correction of the sentencing order meant that the defendant should have been granted a new sentencing hearing. He contends that at such a hearing, he would have been allowed to elect to be sentenced under the sentencing guidelines.
 
 See Logan v. State,
 
 921 So.2d 556 (Fla.2005);
 
 Smith v. State,
 
 537 So.2d 982 (Fla.1989);
 
 Crowder v. State,
 
 735 So.2d 563 (Fla. 3d DCA 1999). The defendant’s theory is that a sentence under the 1983 version of the guidelines,
 
 see Logan,
 
 921 So.2d at 560, would result in a significantly lower sentence — although this part of the defendant’s argument would not hold true if there were grounds to impose a departure sentence.
 

 The defendant acknowledges that he has made this argument in previous postcon-viction motions, and that relief has been denied. He argues, however, that the claim should be revisited under the manifest injustice exception to the res judicata doctrine recognized in
 
 State v. McBride,
 
 848 So.2d 287 (Fla.2003).
 

 The defendant’s argument fails at the threshold. This court’s remand in the defendant’s case was a remand for correction of his sentence by reducing his one-hundred year armed robbery sentence to the appropriate legal maximum of thirty years, and changing his mandatory minimum sentences from consecutive to concurrent. Since this court had issued specific directions about the sentence the defendant was to receive, this left the trial court with no discretion but to correct the sentences as directed. This court’s earlier opinion called for correction of a portion of the defendant’s sentence, and did not call for, or allow, a plenary resentencing hearing. That being so, there was no occasion for the defendant to elect to be sentenced under the sentencing guidelines. This defendant’s circumstances differ from those in
 
 Logan, Smith,
 
 and
 
 Crowder.
 

 We acknowledge that there is language in the trial court’s order which erroneously applies some Florida Rule of Criminal Procedure 3.850 successiveness principles to this Rule 3.800(a) motion, whereas the relevant principles are found in
 
 McBride.
 
 Upon considering the appeal in light of
 
 McBride,
 
 we conclude that there is no manifest injustice and the trial court reached the correct result.
 

 Affirmed.
 

 *
 

 The motion at issue here was docketed in the circuit court January 12, 2009, and was denied by an order dated April 9, 2009.